### 44225. HAMILTON v. PIPER AIRCRAFT CORPORATION et al.
### 44226. TED EDWARDS SKYPORT, INC. v. PIPER AIRCRAFT CORPORATION et al.

PANNELL, Judge. The present cases are appeals from the grant of summary judgments in separate cases in favor of the nonresident corporate defendant, Piper Aircraft Corporation, the grant of the summary judgment being based upon the law of jurisdiction. Complaints were brought separately by James R. Hamilton and Ted Edwards Skyport, Inc., against Piper Aircraft Corporation and Tifton Air Service, Inc., in the Superior Court of Glynn County, the residence of a district sales manager for the defendant, Piper Aircraft Corporation. There is no dispute that Piper Aircraft Corporation is a nonresident corporation and is not a domesticated cor-

poration of this State, nor has it appointed an agent upon whom service may be had. Neither is it disputed that Tifton Air Service, Inc. is a corporation of this State with its principal office and place of business in Tift County, Ga. The primary issues are (1) whether Piper Aircraft Corporation is doing business in this State so as to be subject to the jurisdiction of the courts of this State, and (2) whether the district sales manager, Charles L. Quay, is such a person upon whom a service may be had as would bind Piper Aircraft Corporation. *Held:*

1. (a) Insofar as it is applicable, this case is controlled by the decision of the Supreme Court in *Southeastern Distributing Co. v. Nordyke & Marmon Co.*, 159 Ga. 150 (125 SE 171), in which the activities of a district sales manager in that case were held not to constitute the doing of business within the State by the nonresident corporate employer. The activities of the sales manager in that case and in this case are almost identical and in the cited case the sales manager actually made some sales in the State of Georgia, which was not done in the present case. Accordingly, we hold that the activities of the district sales manager in this case were not sufficient to constitute the doing of business within this State by the nonresident corporate employer. The fact that the district sales manager lived in this State and used his home as an office is immaterial here, as it is his activities in behalf of his employer which occur in this State that are controlling. See in this connection *Smith v. Nolting First Mortgage Corp.*, 45 Ga. App. 253 (164 SE 219); *Vicksburg, Shreveport & Pacific R. v. DeBow*, 148 Ga. 738 (98 SE 381).

Quite a number of cases from other jurisdictions have been cited by appellants, which may hold contrary to what we have ruled as to activities necessary to constitute the doing of business in this State by foreign corporations, but we are bound by the decisions of this court and the Supreme Court of this State. Among the cases cited by the appellant are the following: Delray Beach Aviation Corp. v. Mooney Aircraft, Inc., 332 F2d 135 (5th Cir. 1964); Szantay v. Beech Aircraft Corp., 237 FSupp. 393 (EDSC 1965); Donnelly v. Mooney Aircraft, Inc., 251 FSupp. 720, 724; Myers v. Mooney Aircraft, Inc., 429 Pa. 177 (240 A2d 505); B. B. P. Association, Inc. v. Cessna Aircraft Co., 91 Ida. 259 (420 P2d 134); Nigro v. Cessna Aircraft Co., (La. App.) 169 S2d 594; Boryk v.

deHavilland Aircraft Co., 341 F2d 666 (2d Cir. [N.Y.] 1965); Ewing v. Lockheed Aircraft Corp., 202 FSupp. 216 D. C. Minn. 1962).

(b) The contract between the defendant, Piper Aircraft Corporation, and its distributor, Park Air, Inc., a corporation with its principal office and place of business in Cobb County, Ga., has been carefully considered and examined and does not constitute Park Air, Inc., an agent for Piper Aircraft Corporation.

2. Section 1 of the Act approved March 10, 1966 (Ga. L. 1966, p. 343) provides: "A court of this State may exercise personal jurisdiction over any nonresident, or his executor or administrator, as to cause of action arising from any of the acts, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he: (a) Transacts any business within this State. . ."

Whether this section may refer to a nonresident corporation (see Section 2 of the Act approved April 12, 1968 (Ga. L. 1968, pp. 1419, 1420)), and whether the phrase "transacts any business within this State" has a different meaning from the term "doing business within this State" it is not necessary to decide, for the action is based upon the sale and warranty of an allegedly defective airplane, which action did not occur in Glynn County, Ga., and by Section 4 of the Act of 1966, the venue of cases arising thereunder "shall lie in any county where the business was transacted . . ." out of which the cause of action arose. See Section 1 above.

3. The trial court did not err in granting the motions for summary judgment for Piper Aircraft Corporation.

*Judgments affirmed. Felton, C. J., and Quillian, J., concur.*

ARGUED JANUARY 7, 1969—DECIDED MARCH 12, 1969.

*Stokes & Manning, Joseph R. Manning, Edgar A. Neely, III,* for appellants.

*Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell, Frank Sutton,* for appellees.