49583. PORTER et al. v. MID-STATE HOMES, INC.

BELL, Chief Judge.

In this suit the plaintiffs sought to recover money from defendant, a nonresident of Georgia, which allegedly was paid by them to the latter under duress. In personam jurisdiction over the defendant was predicated on either or both of two parts of our Long Arm Statute, viz. the transaction of any business within this state or the ownership, use or possession of any real estate situated in Georgia. Code Ann. § 24-113.1 (a, d). The trial court dismissed the complaint on motion of defendant for lack of

personal jurisdiction. The facts are not in dispute. The plaintiffs executed a security deed to their real property located in DeKalb County to the Jim Walters Corporation who in turn transferred the security deed to defendant. Defendant by and through its Georgia attorney acting under the power contained in the security deed advertised the realty for sale in a DeKalb County newspaper by reason of default in payment of insurance premiums. Plaintiffs thereafter paid defendant's Georgia counsel $656 to prevent the sale of the realty. This payment, which plaintiffs allege was made involuntarily, forms the basis of the claim for relief. *Held:*

1. It appears from these facts that personal jurisdiction over defendant was perfected under the Long Arm Statute. Clearly plaintiffs' claim or cause of action arose from the defendant's exercise of its power of sale granted to it in the security deed. The defendant, as transferee of the security deed, has legal title to the property subject to the right of the plaintiffs to have the realty reconveyed to them upon payment of the debt. Code § 67-130.1. The conclusion is inescapable that personal jurisdiction over defendant was acquired as the claim arose out of the defendant's ownership of real property within Georgia. Further, there were sufficient acts occurring in this state to bring about the transacting of "any business within this State." Jurisdiction over a nonresident exists on this basis if the nonresident has purposefully done some act or consummated some transaction in this state, if the claim arises from or is connected with the act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice. *Davis Metals v. Allen,* 230 Ga. 623 (198 SE2d 285). Two acts of defendant show that jurisdiction was acquired under the transaction of business provision of the statute. Defendant through its attorney purchased advertising space in a DeKalb County newspaper. While this transaction was not directly made with plaintiffs, it was connected with the plaintiffs' claim. The payment of the $656 by plaintiffs was made directly to defendant's attorney in Georgia. The trial court erred in dismissing the complaint.

2. The defendant in its brief argues that the plaintiffs cannot recover in any event even if jurisdiction was acquired and the lower court erred in dismissing the complaint. This argument raises an issue not ruled on by the lower court and therefore we will not consider it.

*Judgment reversed. Quillian and Clark, JJ., concur.*

Submitted September 9, 1974 — Decided January 13, 1975.

*William F. Lozier,* for appellants.
*Edwin F. Hunt,* for appellee.