## 50435. UNISTRUT GEORGIA, INC. et al. v. FAULKNER PLASTICS, INC. et al.

MARSHALL, Judge.

The sole issue in this appeal is whether or not appellee, Faulkner, is subject to personal jurisdiction in the Superior Court of Fulton County under the Long Arm Statute, Ga. L. 1966, p. 343; 1970, pp. 443, 444 (Code Ann. § 24-113.1).

Holder entered into a contract with Unistrut (the third-party plaintiff below) to install a skylight system in the Colony Square commercial realty development in Atlanta. Unistrut subcontracted with Faulkner (the third-party defendant below), a Florida corporation, to have plexiglass sheets shaped into domes for the skylights. The domes proved unacceptable to Holder who brought action against Unistrut for breach of contract. Unistrut filed this third-party complaint against Faulkner alleging that Faulkner was a Florida corporation, "which transacts business within this State and which has committed a tortious injury in this State caused by an act or omission outside this State, and is subject to the jurisdiction of this Court." Service was made by sending a second original of the complaint to Faulkner's agent in Tampa, Florida. *Held:*

1. Unistrut's assertion of jurisdiction based on Faulkner's commission of a tortious injury in this state (Code Ann. § 24-113.1 (c)) must fail. The duty imposed on Faulkner, which it is alleged to have breached, was that the plexiglass domes be "formed free of optical distortion." The duty was imposed by a specification in the primary contract which was made applicable to Faulkner by the agreement between Unistrut and Faulkner. Even though the third-party complaint alleges that the optical distortions were the result of "negligent fabrication" by Faulkner, the duty breached is, nevertheless, one arising from the contract alone, and is not one imposed by law outside of or beyond the terms of the contract. "[I]n order to maintain an action ex delicto because of a breach of duty growing out of a contractual relation the breach must be shown to have been a breach of a duty imposed by law and not merely the breach of a duty imposed by the contract itself." *Mauldin v. Sheffer,* 113 Ga. App. 874, 879-880 (150 SE2d 150). See also, *Long v. Jim Letts Oldsmobile,* 135 Ga. App. 293; *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363, 366 (203 SE2d 587); *Howard v. Central R. Co.,* 9 Ga. App. 617, 619 (71 SE 1017). Jurisdiction cannot be based on there having been a "tortious injury" committed in this state.

2. Nor can jurisdiction be based on Faulkner's having "transact[ed] any business within this State" (Code Ann. § 24-113.1 (a)). The record shows that Faulkner was never a resident of this state and never had a place of business nor an agent within this state. Faulkner did not come into Georgia to solicit this business or this contract. Instead, Unistrut contacted Faulkner at its office in Tampa, Florida. The purchase order for these domes was made up in Atlanta by Unistrut and sent to Faulkner in Tampa, and a copy of same, showing acceptance of the order was returned by mail to Unistrut in Atlanta. The plexiglass domes were fabricated in Florida. Unistrut inspected the domes in Florida and accepted delivery at Faulkner's plant there.

From these facts, the cases relied upon by Unistrut, *Davis Metals v. Allen,* 230 Ga. 623 (198 SE2d 285) and *J. C. Penney Co. v. Malouf Co.,* 230 Ga. 140 (196 SE2d 145), are distinguishable. While each case of "any" business

jurisdiction under the Long Arm Statute depends on its own facts (see Annot. 27 ALR3d 397, 417 (1969)) the basic requirement is that the transaction have "some relationship, some connection with the cause of action, and there must be minimum contacts within the state." *Co-op Mortgage Investments &c. v. Pendley,* 134 Ga. App. 236, 241 (214 SE2d 572); *Davis Metals, Inc. v. Allen,* 230 Ga. 623, supra; *J. C. Penney Co. v. Malouf Co.,* 230 Ga. 140, supra. Even under the "liberal Illinois Rule," *Delta Equities, Inc. v. Larwin &c. Investors,* 133 Ga. App. 382, 383 (211 SE2d 9), we must conclude that in the present case there have not been sufficient contacts with this state to satisfy "fundamental fairness" and due process of law.

In reaching this decision we have disregarded pages 103-107 of the record, which, as pointed out by counsel for Unistrut, are not relevant to this case.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

Argued March 4, 1975 — Decided June 17, 1975 — Rehearing denied July 2, 1975 —

*Troutman, Sanders, Lockerman & Ashmore, Allen E. Lockerman, Robert H. Forry,* for appellants.

*Arnall, Golden & Gregory, Allen I. Hirsch, Felton Jenkins,* for appellees.