**INTERSTATE PAPER CORPORATION,**
**Plaintiff,**

v.

**AIR–O–FLEX EQUIPMENT COMPANY**
**et al., Defendants.**

**No. CV474–171.**

United States District Court,
S. D. Georgia,
Savannah Division.

Feb. 2, 1977.

**1324**

Charles M. Jones, Jones, Osteen & Jones, Hinesville, Ga., for plaintiff.

Walter C. Hartridge, Paul W. Painter, Jr., Bouhan, Williams & Levy, Savannah, Ga., for defendant, Air-O-Flex Equipment Co.

## ORDER ON MOTION OF DEFENDANT AIR–O–FLEX TO DISMISS FOR WANT OF JURISDICTION

LAWRENCE, District Judge.

Interstate Paper Corporation brought this diversity action against Air-O-Flex Equipment Company, a Minnesota corporation having a place of business in Minneapolis, and two other defendants, R. S. Noonan, Inc. and Stafford Industrial Constructors, Inc. Plaintiff seeks recovery of damages to property and loss of business as a result of the collapse of a structure known as a "wood chip dumper" at its paper mill in Riceboro, Georgia. It is alleged that the dumper was designed by Noonan and was constructed by Stafford and that parts and components were furnished by Air-O-Flex.

Interstate claims that defendant Air-O-Flex breached its contract as well as warranties and representations made to it by supplying materials inadequate as to structural strength for the uses to which plaintiff intended to put the materials in the construction of the wood chip dumper.

Service on Air-O-Flex was obtained pursuant to the Georgia "Long Arm" statute. The complaint alleges that defendant was "doing business" in the Southern District of Georgia within the meaning of that Act. Air-O-Flex has moved to dismiss for want of *in personam* jurisdiction, contending that it was not "transacting business" in Georgia.

According to an affidavit of the President of Air-O-Flex, that corporation has no agent or place of business in Georgia. It does not solicit business in this State. Plaintiff made the initial contact with Air-O-Flex and they proceeded to carry on negotiations by mail preliminary to a final agreement. Interstate made up the purchase orders in Georgia and mailed them to Air-O-Flex. Pursuant to such orders, defendant fabricated and shipped materials and components to Interstate F.O.B. Minneapolis. There is nothing in the record to show that Air-O-Flex participated in the installation of such materials and parts or in the assembly of the wood chip dumper at the Riceboro plant of plaintiff.

Under the Georgia "Long Arm" statute (Ga. Code Ann. § 24–113.1), the courts of this State possess personal jurisdiction over any nonresident as to a cause of action arising from acts or omissions if he:

"(a) Transacts any business within this State; or

"(b) Commits a tortious act or omission within this State, except as to a cause of action for defamation of character arising from the act; or

"(c) Commits a tortious injury in this State caused by an act or omission outside this State, if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State."

The Georgia Long Arm statute is coterminous with the due process clause of the Fourteenth Amendment and the policy

of the courts of this State is to exercise jurisdiction thereunder "to the maximum extent permitted by procedural due process". *Coe & Payne Co. v. Wood-Mosaic Corp.*, 230 Ga. 58, 60, 195 S.E.2d 399, 401; *Marival, Inc. v. Planes, Inc.*, 302 F.Supp. 201, 205 (N.D., Ga.); *Griffin v. Air South, Inc.*, 324 F.Supp. 1284 (N.D., Ga.); *Stanley v. Local 926 of the International Union of Operating Engineers of the AFL–CIO*, 354 F.Supp. 1267, 1271 (N.D., Ga.).

Under subsection (a) of the statute, a non-resident defendant may be subjected to the jurisdiction of the Georgia courts if it "transacts any business" within this State. It has been held that this provision is limited to actions sounding in contract. *Scott v. Crescent Tool Co.*, 296 F.Supp. 147 (N.D., Ga.).[1]

■ In the instant case plaintiff's theory of liability is predicated on a contractual breach. There is no claim of any tortious act or omission by Air-O-Flex occurring either in or outside this State.[2] The Court's inquiry is therefore limited to whether the Minnesota defendant was transacting business within Georgia and, if so, whether defendant had sufficient contacts to satisfy the constitutional requirements of due process.

The test for determining whether a non-resident was "transacting any business" in Georgia was thus stated by the Supreme Court in *Davis Metals, Inc. v. Allen*, 230 Ga. 623, 625, 198 S.E.2d 285, 287:

> "Under our Long-Arm Statute jurisdiction over a non-resident exists on the basis of transacting business in this state if the non-resident has purposefully done some act or consummated some transaction in this state, if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the Courts of this state does

not offend traditional fairness and substantial justice."

In each of the following cases it was held that the defendant involved was transacting business in Georgia within the meaning of § 24–113.1(a):

Where the defendant had an office in this State and conducted sales activities here, *Palm Beach Investment Properties, Inc. v. Dingman*, 126 Ga.App. 17, 189 S.E.2d 906;

Where the defendant and another party, both physically present in Georgia, executed a contract in this State, *Davis Metals, Inc. v. Allen, supra* ;

Where a defendant conducted important negotiations preliminary to executing a contract in the State, *Delta Equities v. Larwin Mortgage Investors*, 133 Ga.App. 382, 211 S.E.2d 9;

Where the defendant which was the holder of a security deed to property in this State purchased advertising space in a Georgia newspaper and through its attorney accepted a payment of $656 by plaintiffs who were attempting to prevent the sale of the land under dispute, *Porter v. Mid-State Homes, Inc.*, 133 Ga.App. 706, 707, 213 S.E.2d 10 (1975).

In *J. C. Penney Co. v. Malouf Co.*, 230 Ga. 140, 196 S.E.2d 145, two plaintiffs sued Penney in the Superior Court of Fulton County for damages allegedly caused by defective merchandise purchased from Penney. The latter filed a third-party complaint against the manufacturer from whom Penney had purchased the merchandise, Malouf Company. The suit was based on written warranties and contracts of indemnity between Penney and Malouf. The latter's only "contacts" with Georgia were the shipment of its merchandise for delivery to Penney in this State and the existence of a warranty-indemnity contract between the two par-

---

1. See, however, the comments concerning *Scott* in *Mack Trucks, Inc. v. Arrow Aluminum Castings Company*, 510 F.2d 1029, 1031–32 (5th Cir.) and *Atlanta Coliseum, Inc. v. Carling Brewing Company, Inc.*, 411 F.Supp. 253 (N.D., Ga.).

2. It is true that in paragraph 12 the plaintiff alleges that the plans and specifications were improperly and negligently prepared but this is alleged to be a breach of the contract it had with *Noonan*.

ties. The Supreme Court said p. 143, 196 S.E.2d p. 148:

"We conclude that the manufacture and shipment of merchandise by Malouf for delivery to Penney in Georgia placed the merchandise in the stream of commerce for resale at retail to Georgia citizens; and placing the merchandise in that stream pursuant to the warranty-indemnity contract previously referred to amounted to 'transacting any business' in Georgia by Malouf under subsection (a) of our Long Arm Statute."

The Court said that having "availed itself of the privilege of conducting activities within Georgia" a nonresident defendant "must therefore respond for breach of its agreement . . . ."

Counsel for Air-O-Flex places heavy reliance on *Unistrut Georgia, Inc. v. Faulkner Plastics,* 135 Ga.App. 305, 217 S.E.2d 611. In that case Holder (who was the original plaintiff) contracted with Unistrut to install a skylight system in Colony Square at Atlanta. Unistrut subcontracted with Faulkner Plastics, a Florida corporation, to have plexiglass sheets shaped into domes for that purpose. The domes were not acceptable to Holder who sued Unistrut for breach of contract. The latter thereupon filed a third-party complaint against Faulkner alleging that it was a Florida corporation "which transacts business within this State and which has committed a tortious injury in this State caused by an act or omission outside this State, and is subject to the jurisdiction of this Court". The Court of Appeals said that Faulkner was never a resident of this State; had no agent or place of business within same; did not solicit business here; that the purchase order for the domes was made up in Atlanta and mailed to Faulkner in Tampa; that the domes were fabricated in Florida, inspected by Unistrut there, and delivered to Faulkner's plant in that State. The Court accordingly concluded that Faulkner Plastics was not transacting business within Geor-

gia and that there were not "sufficient contacts with this state to satisfy 'fundamental fairness' and due process".

Plaintiff's counsel cites three recent decisions of the Court of Appeals of Georgia, each of which illustrates the extent to which the courts of this State have gone in extending the reach of the "Long Arm" statute. In *Value Engineering Company v. Gisell et al.,* 140 Ga.App. 44, 230 S.E.2d 29, jurisdiction was found to exist in a case brought against a nonresident corporation which had slight contacts with Georgia. The defendant shipped radioactive materials by air bound for Baton Rouge via Delta Airlines. A Delta flight carrying the materials landed in Atlanta where the cargo in question was transferred to another Delta flight departing for Baton Rouge. Plaintiff was a passenger on the flight from Washington to Atlanta. She claimed injury from exposure to radioactive contamination. That case is distinguishable from the instant one in that it involved a tortious act. The Court of Appeals was not concerned with subsection (a), § 24–113.1.

Another case cited by Interstate's counsel is *Shellenberger v. Tanner,* 138 Ga.App. 399, 227 S.E.2d 266. That, too, was a tort case. After a synopsis entitled "Development of the Exercise of Jurisdiction Over Nonresident Defendants", the Court focused its analysis on "Code Ann. § 24–113.1(b) and Its Application". Subsection (a) was not discussed in *Shellenberger.*

The third decision emphasized by plaintiff's counsel was a subsection (a) case. In *Greenfield v. Portman,* 136 Ga.App. 541, 221 S.E.2d 704, the Court of Appeals ruled that one business transaction in Georgia by a nonresident is sufficient to bestow *in personam* jurisdiction if the claim sued on is connected with the transaction. There the nonresident sold an automobile to a resident of Georgia. The sale took place in Chatham County. The Court of Appeals held that it constituted a transaction of business in this State subjecting the nonresident to personal jurisdiction under § 24–113.1.[3] As in *Davis*

---

**3.** *Cf. Pennington v. Toyomenka, Inc.,* 512 F.2d 1291 (5th Cir.) which involved the transaction of business as the basis of jurisdiction. The

defendant had no agents or place of business in Georgia, manufactured nothing here but by mail orders sent goods into this State paid for

*Metals, Inc. v. Allen, supra,* 230 Ga. 623, 198 S.E.2d 285, a significant and purposeful act occurred in this State, consummation of a contract between parties physically in Georgia.

Of the decisions that have come to this Court's attention the most analogous to the present one is *Unistrut.* The facts in the two cases bear marked similarities. Both sounded in contract. In each case a foreign corporation was involved which was not registered and had no agent, representative or place of business in this State. In both cases the initial business contacts were made outside this State by Georgia residents. Neither defendant sent employees or agents into Georgia to install the equipment. The purchase orders were made up in this state and sent by mail to the fabricator who returned them in like manner.[4] Unistrut's fabrication of the domes took place in Florida. Air-O-Flex manufactured the dumper parts in Minnesota. The only connection it had with the engineering firm (Noonan) was to mail manuals and a set of drawings to South Carolina for use in preparing plans and specifications. The parts and components of the chip dumper were shipped F.O.B. Minneapolis to Interstate for assembly at its Riceboro Plant.

■ This action is one for breach of contract. It could not be maintained under Georgia law on a tort theory. To maintain a suit in tort, the breach of duty must be one imposed by the law and not merely by the contract itself. *Mauldin v. Sheffer,* 113 Ga.App. 874, 150 S.E.2d 150. *Unistrut, supra,* 135 Ga.App. 305, 217 S.E.2d 611. Jurisdiction over the nonresident in this case is governed by the "minimum contacts" test established in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 and *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283. Those cases require that a nonresident have purposeful contracts with the forum state to the extent that the maintenance of the suit does not offend "fair play and substantial justice." I conclude that the minimum contacts with Georgia demanded by the Fourteenth Amendment are lacking here.

■ A federal court can do no more than attempt to predict what the state appellate courts would decide if they are presented with same facts. This Court considers itself bound by the holding of the Georgia Court of Appeals in *Unistrut.*[5] The only distinguishing feature is that in that case delivery to the buyer took place in Florida and not in Georgia. I find no critical difference in the fact that in the present action Air-O-Flex shipped the components of the dumper directly to Interstate in Georgia.[6]

The motion of the Minnesota defendant to dismiss for lack of jurisdiction is treated as one under Rule 12(b), pursuant to Rule 56, and same is granted as to Air-O-Flex.

by checks drawn on a Georgia bank. The Fifth Circuit, applying Georgia law, ruled that transacting business encompassed more than mail orders which required acceptance in another state and the delivery of the items purchased to Georgia.

4. However, as was pointed out in *Shellenberger v. Tanner supra,* 138 Ga.App. 404, 227 S.E.2d 272, "It is not necessary that the defendant or his agent be physically within the forum, for an act or transaction by mail [to] suffice." That was a case, however, based on a tortious act.

5. A legal commentator recently placed *Unistrut* at the "opposite end of the spectrum" from *Davis Metals* in characterizing the former as "an easy case." See "The Georgia Long-Arm Statute", 11 *Georgia Law Review* (Fall, 1976), 149, 173.

6. In *O. N. Jones Company, Inc. v. B & P Sales Corporation,* 232 Ga. 256, 206 S.E.2d 437 the Supreme Court pointed out that the "goods were shipped F.O.B. shipping point . . . in Georgia." This was the only contact of the nonresidents with this State and the Supreme Court held that it was an "insufficient 'contact' with the State of Georgia to comply with the requirement of transacting 'any business within this state' under subsection (a) of Georgia's Long Arm Statute."