## 54070. STOREY v. SEFFELAAR & LOOYEN, INC.

McMURRAY, Judge.

This is a suit for breach of contract for personal services between the plaintiff and his former nonresident employer, a Michigan corporation, after the termination of his employment.

After discovery defendant moved to dismiss the action for lack of personal jurisdiction based upon evidence in the record allegedly showing that service in the State of Michigan upon the nonresident under the "long arm statute" (Code Ann. § 24-113.1; Ga. L. 1966, p. 343; 1970, pp. 443, 444) failed to obtain personal jurisdiction over the defendant. The motion to dismiss was granted, the lower court holding that the alleged contract of employment, forming the subject matter of this lawsuit, was negotiated and entered into in the State of Michigan, was largely to be performed outside the State of Georgia, and the limited and purposeful activity of the plaintiff in the performance of the contract within this state was so limited until the exercise of extraterritorial jurisdiction over the defendant in this case would offend notions of fair play and justice and would not be permissible under the Constitution and governing laws of this state. Plaintiff appeals. *Held:*

The evidence shows that plaintiff was employed as a salesman partially on salary and partially on commission; that he requested to establish his residence in Atlanta, his territory being the southern and southeastern United States area, the defendant agreeing to defray a portion of his apartment rent and to reimburse him for expenses of telephone and expenses for renting a desk. The evidence also shows that he was never authorized to execute any contracts for services or equipment but his authority was limited to the solicitation of orders for such equipment subject to subsequent approval in Holland, Michigan, and that the defendant has never established an office or warehouse in the State of Georgia nor has it owned other tangible or intangible property located in Georgia nor has it entered any contract with persons in Georgia for the sale or shipment of its equipment into Georgia. The evidence

shows that between the date of termination of employment with defendant on September 12, 1975 and approximately the middle of April, 1976, plaintiff received unemployment compensation from the State of Michigan. The evidence further shows that plaintiff maintained that he was a resident of Fulton County, Georgia, at the time he filed this action on November 19, 1975.

The court considered evidence in the form of affidavits, admissions and a deposition, and in weighing such evidence, determined that the corporation's activities in Georgia were of such minimal business activity that its solicitation of business within the state unaccompanied by a local performance of contract obligations was insufficient to subject the defendant to the jurisdiction of the State of Georgia. See *Southeastern Distributing Co. v. Nordyke & Marmon Co.,* 159 Ga. 150-158 (125 SE 171); *Hamilton v. Piper Aircraft Corp.,* 119 Ga. App. 361, 362 (167 SE2d 228).

Nor did the fact that the general manager came to Georgia personally to terminate the defendant's contract of employment show such business activity in Georgia as to satisfy the "long arm statute" and jurisdiction inasmuch as this did not show sufficient contacts in Georgia to satisfy "fundamental fairness" and due process of law. *Unistrut Ga., Inc. v. Faulkner Plastics, Inc.,* 135 Ga. App. 305, 307 (217 SE2d 611). See also *Davis Metals, Inc. v. Allen,* 230 Ga. 623 (198 SE2d 285).

The lower court, having heard evidence in support of the motion to dismiss, was authorized to find that the exercise of extraterritorial jurisdiction over the defendant in this action would offend notions of fair play and justice. See *Watts v. Kegler,* 133 Ga. App. 231, 233 (211 SE2d 177); *Rainwater v. Vasquez,* 135 Ga. App. 463, 464 (218 SE2d 108).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED MAY 24, 1977 — DECIDED JULY 14, 1977.

*Storey & Obenschain, Robert W. Storey,* for

appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Susan A. Cahoon, Edmund M. Kneisel,* for appellee.