## 54855. BROOKS SHOE MANUFACTURING, INC. v. BYRD.

SHULMAN, Judge.

The defendant-appellant's motion to dismiss plaintiff-appellee's complaint for lack of personal jurisdiction was denied. This court granted the application for interlocutory appeal. We affirm the judgment of the trial court.

Certain facts are not in dispute. Defendant is a Pennsylvania corporation manufacturing athletic shoes. Defendant has never established warehouses, offices, facilities or other places of business in Georgia, and at the time of suit was not authorized to do or transact business in this state. Plaintiff is a Georgia resident and was defendant's exclusive sales representative in the Southeast from mid 1973 to late 1975. Plaintiff solicited orders in Georgia subject to approval in Pennsylvania. Defendant's shipments were made F. O. B. Pennsylvania. Payments were made directly to Pennsylvania. On occasion, at defendant's request, plaintiff collected defendant's accounts receivable in Georgia. In 1973, 1974 and 1975, defendant's executive officers attended trade shows in Atlanta in order to assist plaintiff in the solicitation of potential customers.

The complaint in this action was brought in three counts. Count 1 alleges that defendant breached its contract by terminating plaintiff's employment without complying with contractual notice requirements and by failing to remit commissions allegedly owing. Count 2 sounds in tort and is predicated on defendant's alleged unreasonable and unlawful interference with plaintiff's business (soliciting orders) without legal excuse or justification. Count 3 sounds in tort and complains of

defendant's unauthorized use and conversion of customer and account lists compiled by plaintiff while soliciting pursuant to the contract.

The issue before us is whether our Long Arm Statute (Code Ann. § 24-113.1), confers in personam jurisdiction under the facts of this case.

1. " '[T]he Long Arm Statute contemplates that jurisdiction shall be exercised over non-resident parties to the maximum extent permitted by procedural due process. [Cit.]' " *Cox v. Long,* 143 Ga. App. 182 (2) (237 SE2d 672). See also *Value Engineering Co. v. Gisell,* 140 Ga. App. 44 (3) (230 SE2d 29) (excellent statement by Judge Clark of judicial philosophy regarding Long Arm jurisdiction). "[T]he trend of the opinions is to construe long arm 'transacting any business' statutes most liberally and to uphold the jurisdiction of the court . . . in actions arising, either directly or indirectly, out of such transactions." *Davis Metals, Inc. v. Allen,* 230 Ga. 623, 626 (198 SE2d 285). See also *Porter v. Mid-State Homes, Inc.,* 133 Ga. App. 706, 707 (213 SE2d 10) (even though transaction, i.e., advertising in local paper, was not directly made with plaintiffs, transaction was connected with plaintiffs' claim and is relevant in determination that jurisdiction exists under Code Ann. § 24-113.1 (a)).

2. There is no case in Georgia involving this precise fact situation. We hold that under the totality of the circumstances there were sufficient contacts to confer personal jurisdiction over the nonresident defendant under § 24-113.1 (a). A Millner Co. v. Noudar, LDA 24 AD2d 326 (266 NYS2d 289) (actions of officers of foreign corporation in coming to New York to work with New York independent-contractor broker in transacting business on behalf of corporation constituted transaction of business in connection with contract sufficient to confer jurisdiction; acts of independent broker, mailing letter of acceptance from New York, shipment of goods to New York residents not sufficient to confer jurisdiction). Cf. Scovill Mfg. Co. v. Dateline Electric Co., Ltd., 461 F2d 897 (7th Cir., 1972) (regular attendance at houseware shows for business purposes was sufficiently meaningful contact to authorize in personam jurisdiction over contract dispute; three meetings coming about because of

attendance constituted "transacting business" within meaning of Illinois Long Arm Statute even though contract executed outside of Illinois was not to be performed in Illinois and was governed by Connecticut law).

Our decision in *Storey v. Seffelaar & Looyen, Inc.,* 142 Ga. App. 873 (237 SE2d 236) does not require a contrary result. There, the nonresident corporation's activities were "unaccompanied by a local performance." *Storey,* supra, p. 874. That case, therefore, was decided in accordance with the proposition that ". . . when the unilateral actions of a forum plaintiff merely involve or somehow relate to a nonresident who has in no way conducted some activity with or in the state, there may be a 'connection' between the nonresident and the plaintiff but there is no 'contact' between the nonresident and the forum such that jurisdiction will lie." *Shellenberger v. Tanner,* 138 Ga. App. 399, 408 (227 SE2d 266). In the case at bar there is the requisite "contact."

3. The participation of defendant's representatives and officers in the local trade shows during 1973, 1974 and 1975 was intended to encourage the development of defendant's market in Georgia and to reap economic benefit therefrom. See generally *Palm Beach Invest. Properties v. Dingman,* 126 Ga. App. 17 (2) (189 SE2d 906). The defendant has purposely availed itself of the privilege of conducting business activities within Georgia and has thereby invoked the benefits and protection of the laws of this state. It would not offend traditional notions of fair play and substantial justice to require it to submit to the jurisdiction of the courts of this state.

4. The Long Arm Statute is sui generis in that venue depends in part on a demonstration that there is a valid claim for which relief may be granted. *Lincoln Land Co. v. Palfrey,* 130 Ga. App. 407, 413 (203 SE2d 597). Appellant has not argued, and we cannot hold, that appellee has failed to demonstrate the existence of a valid claim grounded in breach of contract upon which relief may be granted.

5. Our holding that personal jurisdiction exists under Code Ann. § 24-113.1(a) makes it unnecessary to consider the other reasons advanced (i.e., Code Ann. § 24-113.1 (b) and (c)) by plaintiff for validating the service.

See generally *Cox v. Long,* supra, Division (3).

6. Appellant asserts that the trial court erred in failing to dismiss Count 2 (tortious interference with business activity) and Count 3 (unauthorized use of customer lists) for failure to state a claim upon which relief may be granted.

We granted this petition for interlocutory review solely to determine the issue of whether jurisdiction was alleged under our Long Arm Statute. Having determined that jurisdiction does exist, it is beyond the scope of this interlocutory review to address these enumerations.

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

Argued November 8, 1977 — Decided December 5, 1977 — Rehearing denied December 20, 1977 — 

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Albert C. Ruehmann, III,* for appellant.

*Chambers & Cooper, John W. Chambers,* for appellee.