## 55101. TEAL v. REEVES et al.

BELL, Chief Judge.

This is an appeal from an order sustaining the defendants' motion to dismiss on the ground of res judicata. The facts are not in dispute. Plaintiff brought

this suit originally in the Superior Court of Hall County but it was dismissed without prejudice for want of prosecution. The plaintiff thereafter filed a second claim in the State Court of Hall County on the same subject matter and against the same defendants and a motion to dismiss this case was granted on the ground that plaintiff had not paid the accrued costs pertaining to the first claim *prior* to filing the second suit. The order of dismissal on the second case recited that the dismissal was "with prejudice." Plaintiff did pay the accrued costs in the superior court action *after* filing the second claim in the state court. A third suit, the present one, was then filed. The trial court concluded that since the second suit was "dismissed with prejudice," the plaintiff was barred by reason of the rule of res judicata. *Held:*

All of the dismissals were involuntary. CPA § 41 (b) (Code Ann. § 81A-141 (b)) provides in part: ". . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this section, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits." This section does not use the expression "with prejudice." However, it is an acceptable form of shorthand for "an adjudication on the merits." 9 Wright & Miller, Federal Practice and Procedure: Civil § 2373, p. 229, n. 83. The payment of all accrued costs in the prior dismissed suit was a condition precedent to the right to file and maintain a second suit. If the costs had not been paid before the second suit was filed, then the second suit was not a valid pending suit. *Sosebee v. Steiner,* 128 Ga. App. 814 (198 SE2d 325). In *O'Kelley v. Alexander,* 225 Ga. 32 (165 SE2d 648) the Supreme Court construed the dismissal for lack of jurisdiction exception contained in CPA § 41 (b), supra, as applicable to a dismissal because of the failure to pay costs of a previously dismissed suit. This holding controls this case. See also *Douglas v. Douglas,* 238 Ga. 452 (233 SE2d 195). The fact that the court ordered that the dismissal here was with prejudice is of no moment as the court had no jurisdiction.

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

668

SUBMITTED JANUARY 17, 1978 — DECIDED FEBRUARY 1, 1978.

*Ronald K. Owen, Charles M. Richards,* for appellant.
*Jack C. Bell,* for appellees.