### 71348. PASCAVAGE v. CAN-DO, INC. et al.
(344 SE2d 261)

BEASLEY, Judge.

Pascavage sued for fraud and unpaid commissions allegedly owed him by Can-Do, Inc., a Tennessee corporation, and its president George Holder, basing jurisdiction on the Georgia Long-Arm Statute (OCGA § 9-10-91). Can-Do and Holder were properly served and filed defensive pleadings. After initiating discovery, to which defendants failed to respond other than to request additional time, Pascavage moved for orders to compel discovery and for imposition of sanctions. Can-Do and Holder then filed a motion to dismiss attacking the long-arm jurisdiction, and the case was submitted for consideration on the record, including affidavits on both sides, and briefs. Pascavage appeals from the order granting defendants' motion to dismiss and holding that his discovery motions were therefore moot.

The trial court was empowered by OCGA § 9-11-12 (d) to determine factual issues in regard to whether there had been minimum contact so as to authorize jurisdiction over defendants pursuant to OCGA § 9-10-91. *Daughtry v. Chaney-Bush Irrigation*, 166 Ga. App. 708 (1) (305 SE2d 439) (1983). Accord *Ga. Power Co. v. Harrison*, 253 Ga. 212 (2) (318 SE2d 306) (1984). It found that Can-Do was a corporation organized under the laws of Tennessee; that Holder was a resident of Tennessee; that the employment contract forming the subject matter of the complaint was negotiated and executed in Tennessee; and that Pascavage's activity and authority in Georgia was limited to soliciting orders for defendants throughout the United States subject to approval in Tennessee. The court concluded that, based upon these facts, Can-Do and Holder were not "doing business" within the State of Georgia as contemplated by the provisions of the long-arm statute.

The law provides for jurisdiction over a non-resident "if in person or through an agent, he . . . transacts any business within this state . . ." OCGA § 9-10-91 (1).[1]

In addition to what the trial court recited, the record reveals that the corporation commenced negotiations in this state of the contract out of which plaintiff's employment and this lawsuit arose. It further

---

[1] For a general discussion of statutory long-arm jurisdiction, which perceives that "due process . . . is the only limitation on jurisdiction," see *Shellenberger v. Tanner*, 138 Ga. App. 399, 406 (1) (227 SE2d 266) (1976).

shows that the very purpose for which plaintiff was employed by the defendant corporation was to transact business for the employer in Georgia and from Georgia as a base of operations of all parts of the continental United States. That is precisely what the agent of the corporation did, from 1977 to 1984, working out of his home in selling its products as an employee salesman. The corporation's affidavit in effect states that 10% of the business conducted for it by plaintiff was in Georgia. There were at least two specific accounts in Georgia. In conducting its business here, the corporation through its agent Pascavage completed part of the processing of orders for sales, maintained and processed forms and records here, and stored and maintained inventory here.

Although defendant corporation tried to show that its employee merely solicited orders in Georgia, the contract of employment belies this distinction. He was hired as a "salesman" and the "nature of service" was, in the words of the contract prepared by employer, "as a travelling salesman in the employer's business of selling . . . [specified products]." There is no provision that the orders were subject to approval by the employer such that it would therefore not be transacting business in Georgia.

If a third party were seeking to subject Can-Do to long-arm jurisdiction, we have no doubt the minimum contacts would be found based on its activities conducted through its agent Pascavage. Those same contacts lose no efficacy because the foreign corporation's own Georgia-based employee is suing it for commissions earned in part by virtue of his work in Georgia on behalf of the corporation.

*Storey v. Seffelaar & Looyen, Inc.*, 142 Ga. App. 873 (237 SE2d 236) (1977), on which defendants rely, is not controlling. There the court found insufficient contacts from solicitation in Georgia unaccompanied by local performance of contract obligations. Here, according to plaintiff's unrebutted affidavit, the president and other employees came to Georgia over a period of several years regarding Can-Do's business and the president was personally involved in handling two accounts in the Atlanta area. Moreover, this, together with the other factors mentioned above, brings this case within our holding in *Brooks Shoe Mfg. Co. v. Byrd*, 144 Ga. App. 431, 432 (2) (241 SE2d 299) (1977), where similar activity was found to show that "defendant purposely availed itself of the privilege of conducting business activities within Georgia." The requirements set out in *Coopers & Lybrand v. Cocklereece*, 157 Ga. App. 240, 243 (1) (276 SE2d 845) (1981) were met.

Jurisdiction obtains, and the trial court is directed to consider the plaintiff's motions regarding discovery and sanctions.

*Judgment reversed with direction. Banke, C. J., Deen, P. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, and Benham, JJ.,*

*concur. Pope, J., dissents.*

Pope, Judge, dissenting.

The trial court was empowered by OCGA § 9-11-12 (d) to determine all factual issues in regard to whether there had been a minimum contact by Can-Do so as to authorize jurisdiction over it pursuant to OCGA § 9-10-91. *Daughtry v. Chaney-Bush Irrigation*, 166 Ga. App. 708 (1) (305 SE2d 439) (1983). Accord *Ga. Power Co. v. Harrison*, 253 Ga. 212 (2) (318 SE2d 306) (1984). In considering the pleadings and affidavits of both parties, the trial court found that Can-Do was a corporation organized under the laws of the State of Tennessee; that its president George Holder was a resident of Tennessee; that the contract of employment forming the subject matter of the complaint was negotiated and executed in the State of Tennessee; that Pascavage's authority was limited to soliciting orders for Can-Do throughout the United States subject to approval in Tennessee; and that based upon these facts Can-Do and Holder were not doing business within the State of Georgia as contemplated by the provisions of the long-arm statute.

I am unable to agree with the majority that the evidence of record was insufficient to support the trial court's determination. George Holder swore in his affidavit that he met with Pascavage only once in this state, at which time the possibility of Pascavage performing certain services for Can-Do was brought up, but no contract terms or offers to enter into a contract were discussed. Only when Pascavage traveled to Tennessee were the terms concerning his exact duties, percentage and calculation of commission, draws and territory agreed upon, and the contract signed and entered into. Under the contract Pascavage was to "serve [Can-Do] as a traveling salesman," and the territory he was employed to cover was "anywhere within the continental United States." Approximately 90% of his performance took place in states other than Georgia.

Review of the record further reveals that Pascavage worked out of his home by his own choice and Can-Do did not reimburse him for rental expenses or control the hours he worked. He was authorized only to solicit orders for Can-Do and could not execute contracts on behalf of the corporation. All orders solicited were subject to approval by Can-Do in Tennessee. He was paid only commissions on the orders he solicited, by checks drawn on a Tennessee bank, and no federal or state taxes were withheld by Can-Do. A certain percentage of telephone expenses was reimbursed by Can-Do under the terms of the contract, but the calls did not necessarily accrue in Georgia because of Pascavage's traveling duties. Can-Do has never owned any tangible or intangible property in the State of Georgia, and never entered into any contract in this state with persons or corporations for the sale of

its products.

The majority bases its holding upon Pascavage's "unrebutted affidavit [that] the president and other employees came to Georgia over a period of several years regarding Can-Do's business and the president was personally involved in handling two accounts in the Atlanta area," therefore bringing the case within the holding in *Brooks Shoe Mfg. Co. v. Byrd*, 144 Ga. App. 431 (2) (241 SE2d 299) (1977). However, in *Brooks* there was no dispute over the facts that the plaintiff was Brooks' exclusive sales representative for the area, on occasion collected Brooks' accounts receivable in Georgia, and that Brooks' executive officers attended trade shows in Atlanta for the three years he was employed in order to assist him in the solicitation of potential customers. Although Pascavage avers that Can-Do's officers came to Georgia several times each year regarding some undescribed business in the area, Holder's affidavit states that Can-Do "never entered into any contracts with persons or corporations within the state for the sale of its merchandise." Thus the evidence considered by the trial court was conflicting, but it was authorized to conclude that Can-Do's "activities in Georgia were of such minimal business activity that its solicitation of business within the state unaccompanied by a local performance of contract obligations was insufficient to subject [it] to the jurisdiction of the State of Georgia." *Storey v. Seffelaar & Looyen*, 142 Ga. App. 873, 874 (237 SE2d 236) (1977).

"[U]nless they are clearly erroneous, [this court] will not disturb the fact findings of a judge sitting without a jury if there is any evidence to support them . . ." *Alonso v. Hosp. Auth. of Henry County*, 175 Ga. App. 198, 199 (332 SE2d 884) (1985). I would therefore affirm the trial court's dismissal of Pascavage's complaint. Accord *Commercial Food Specialties v. Quality Food Equip. Co.*, 176 Ga. App. 892 (338 SE2d 865) (1985); *Capital Assoc. v. Gallopade Enterprises*, 172 Ga. App. 504 (323 SE2d 842) (1984); *Superior Fertilizer & Chem. v. Warren*, 162 Ga. App. 595 (292 SE2d 430) (1982); *Storey v. Seffelaar & Looyen*, supra. Accordingly, I respectfully dissent.

DECIDED MARCH 19, 1986 —
REHEARING DENIED APRIL 3, 1986 —

*John L. Blandford*, for appellant.
*James C. Simmons, Jr., Marilyn F. Dye*, for appellees.