A89A1196. DORA-CLAYTON AGENCY, INC. et al. v. FORJAY
BROADCASTING CORPORATION et al.
(387 SE2d 617)

BENHAM, Judge.

This is an appeal from the grant of a motion to dismiss for lack of personal jurisdiction over the defendants, Forjay Broadcasting Cor-

poration, a South Carolina corporation, and Maurer, its sole share-holder, a resident of South Carolina. Appellants Dora-Clayton Agency, Inc., a Georgia corporation, and its sole shareholder, Haight, a Georgia resident, sued appellees in Georgia for the alleged breach of two contracts. One contract provided that Dora-Clayton would act as Forjay's national sales representative. Pursuant to that contract, the record shows, Dora-Clayton sold advertising time on Forjay's radio station to clients in Georgia and other states, operating from Dora-Clayton's offices in Georgia. The other contract, which purported to be between the two corporations but which was signed by the individual parties with no indication of representative status, called for the performance of brokerage services. In response to the complaint filed by appellants, appellees answered and moved to dismiss on several grounds. The trial court's order granting the motion to dismiss is silent concerning the ground on which it issued, but it is abundantly clear from the transcript of the hearing that the only issue presented was that of personal jurisdiction under the Long Arm Statute.

1. As to the count of the complaint alleging breach of the contract which made Dora-Clayton Forjay's national sales representative, the only question is whether Forjay had such minimum contacts with the State of Georgia as to authorize jurisdiction over the defendants under OCGA § 9-10-91. The record shows that Dora-Clayton acted as Forjay's agent here and transacted business here for Forjay. Its activities in this forum for Forjay brings this case within the ambit of *Pascavage v. Can-Do*, 178 Ga. App. 566 (344 SE2d 261) (1986). There, as here, the plaintiff was engaged in sales as the defendant's agent, and this court found that activity to constitute sufficient contacts by the defendant to warrant exercise of personal jurisdiction. Forjay's other arguments against the exercise of jurisdiction over it boil down to an assertion that it would be inconvenient for it to defend a suit in Georgia and that exercise of jurisdiction would therefore offend traditional notions of fairness and substantial justice. We find no merit to that argument. This is a suit involving a contract under which business was transacted in Georgia between residents of Georgia (buyers of advertising time) and a South Carolina corporation. That amounts to Forjay purposefully availing itself of the privilege of doing business in this state, and satisfies traditional notions of fairness and substantial justice. *Coopers & Lybrand v. Cocklereece*, 157 Ga. App. 240 (1) (276 SE2d 845) (1981). We hold, therefore, that the trial court erred in dismissing the first count of the complaint.

2. As to the second count of the complaint, we reach a different conclusion. For the courts of this state to exercise jurisdiction over the person of a nonresident under the Long Arm Statute on the basis that the defendant transacted business in this state, the cause of action must arise from the transaction of business here. See *Wise v.*

*State Bd. &c. of Architects*, 247 Ga. 206 (2) (274 SE2d 544) (1981). The second count of the complaint in this case alleges that the individual parties entered into a contract under which Haight would act as a broker to find a buyer for part or all of Maurer's interest in a radio station, or to find financing for the purchase of an interest in another station. The record shows that all the radio stations involved are in South Carolina, that Maurer executed the contract in South Carolina, and that none of the negotiations were conducted in Georgia. This cause of action is not directly related to the business transacted in Georgia on Forjay's behalf by Dora-Clayton, and there has been no showing that Maurer transacted any business in Georgia in connection with this cause of action. Under the holding in *Wise*, therefore, there is no basis for the exercise of long arm jurisdiction over the person of Maurer. There was no error, therefore, in dismissing the second count of the complaint because of a lack of jurisdiction over the person of Maurer.

3. The trial court's order did not reflect the basis for its dismissal of the complaint and did not state whether the dismissal was with or without prejudice. Since, as appellants complain, such an order could act as an adjudication on the merits of the claim so as to bar a further action against Maurer in the proper forum (*Teal v. Reeves*, 144 Ga. App. 666 (242 SE2d 328) (1978)), the trial court is directed, upon the return of the remittitur, to enter a new order indicating that the dismissal as to Maurer is for lack of personal jurisdiction.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 31, 1989.

*Shelby A. Outlaw*, for appellants.
Daniel A. Haight, *pro se*.
*Drew, Eckl & Farnham, John G. Blackmon, Jr., H. Michael Bagley, Mark W. Buyck, Jr.*, for appellees.