A94A0993. ALLEN v. BLACK et al.
(447 SE2d 718)

McMURRAY, Presiding Judge.

Natalie P. Allen (plaintiff) brought this tort action against Lawrence Black and Katherine Black (defendants) to recover for personal injuries she sustained when, on September 14, 1991, she "fell down an embankment at the Oak View Lodge" in Scaly Mountain, North Carolina. Defendants answered, admitting that plaintiff fell at the premises of the Oak View Lodge, Scaly Mountain, North Carolina, but denied liability and asserted, among other defenses, that the State Court of Fulton County, Georgia, "does not have jurisdiction over the defendants." After discovery, defendants moved for dismissal, contending that they were not subject to jurisdiction under the Georgia Long Arm Statute.

In support of their motion to dismiss, defendants each deposed that they "reside at 5307 Bay Street Road, Pammetto, Florida . . . and also . . . Scaly Mountain, North Carolina[; that they co-own] the property on which the Oak View [Lodge] is located[; and that they] make infrequent trips into the extreme northeast corner of Georgia to

purchase certain personal and business items." They are "out-of-state [members] of the Rabun County, State of Georgia, Chamber of Commerce." They "advertised Oak View Lodge in the Sunday edition of *The Atlanta Journal/Constitution* for two 6-week periods in 1991." These advertisements were placed "by calling the office of *The Atlanta Journal/Constitution* on the telephone from Oak View Lodge in North Carolina." Neither defendant "[ever] visited the office of *The Atlanta Journal/Constitution* to transact any business."

In reply, plaintiff argued that this same evidence establishes long arm jurisdiction because defendants were transacting business in Fulton County, Georgia, where plaintiff saw and responded to their advertisements in the newspaper. The trial court granted defendants' motion and dismissed the complaint "without prejudice." This appeal followed. *Held*:

In related enumerations, plaintiff contends the trial court erred in dismissing the complaint because defendants' contract for newspaper advertisements with *The Atlanta Journal/Constitution* confers personal jurisdiction over her personal injury claim pursuant to OCGA § 9-10-91 (1). That Code section provides: "A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of [Georgia], if in person or through an agent, he . . . [t]ransacts any business within this state[.]"

This Court has "held 'that [Code Ann.] § 24-113.1 (a) [now OCGA § 9-10-91 (1)] applies to matters in contract, not to those sounding in tort. . . . Other courts have so construed almost identical statutes. . . [.]' " *Whitaker v. Krestmark of Alabama*, 157 Ga. App. 536, 537 (1) (278 SE2d 116). In the case sub judice, the "litigation arises wholly from allegedly tortious conduct, which conduct and resulting injuries occurred entirely outside of this state [in Scaly Mountain, North Carolina]. No contractual issue is present whatsoever. [Plaintiff's] assertion that the trial court had personal jurisdiction over [these North Carolina defendants] pursuant to Code [Ann.] § 24-113.1 (a) [now OCGA § 9-10-91 (1)] is therefore misplaced and without merit." *Whitaker v. Krestmark of Alabama*, 157 Ga. App. 536, 537 (1), 538, supra. See also *Lutz v. Chrysler Corp.*, 691 F2d 996 (11th Cir. 1982). Compare *Dora-Clayton Agency v. Forjay Broadcasting Corp.*, 193 Ga. App. 340, 341 (1) (387 SE2d 617). Plaintiff's reliance upon *Porter v. Mid-State Homes*, 133 Ga. App. 706 (213 SE2d 10) is misplaced. In *Porter*, this Court held that, in an action to recover money allegedly paid under duress, the non-resident assignee of a security deed to real property in DeKalb County, Georgia, was subject to personal jurisdiction because "the claim arose out of the defendant's ownership of real property within Georgia." *Porter v. Mid-*

*State Homes*, 133 Ga. App. 706, 707 (1), supra. OCGA § 9-10-91 (4) provides a specific and separate jurisdictional basis over a non-resident who "[o]wns, uses, or possesses any real property situated within [Georgia]." Accordingly, *Porter v. Mid-State Homes*, 133 Ga. App. 706, supra, is not authority for the proposition that a single contract for in-state newspaper advertising authorizes the exercise of jurisdiction over non-resident defendants arising out of personal injuries received entirely out-of-state. In the case sub judice, the trial court correctly dismissed plaintiff's personal injury complaint for lack of personal jurisdiction. OCGA § 9-11-12 (b) (2).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED AUGUST 17, 1994.

*John H. Ridley, Jr.*, for appellant.
*Savell & Williams, Michael K. Jablonski, Steven R. Thornton*, for appellees.