## A97A1128. DANA AUGUSTINE, INC. v. PARKMAN et al.

(487 SE2d 697)

BIRDSONG, Presiding Judge.

Appellant Dana Augustine, Inc. (DAI), a Georgia corporation engaged in the wholesale jewelry business, sued Andrea Parkman and Philip Coulter, who were salespersons hired by DAI, for damages arising from the theft of DAI's jewelry while it was in Parkman's and Coulter's care in New York state. Contrary to their express undertakings and instructions in their employment contracts and employee manual, Parkman and Coulter left the jewelry in their car unattended; therefore, DAI's insurance did not cover the theft.

Parkman and Coulter filed motions to dismiss based on lack of personal jurisdiction, contending they are not Georgia residents, as they reside in New York and South Carolina, that their sales area did not include Georgia, and that at no time did they engage in the business of selling or servicing jewelry while they were in Georgia. DAI responded that Parkman and Coulter were properly served under the long-arm statute (OCGA § 9-10-91) because they had significant contacts with the state, including but not limited to the fact that they sought employment at DAI's only office, which is in Kennesaw, Georgia; they received their salary from the Georgia office and DAI paid unemployment tax to the State of Georgia on appellees' behalf; they signed a receipt and acknowledgment of DAI's "employee manual" in Georgia; they came to Georgia to pick up the jewelry, the theft of which is the subject of this action; they came to Georgia to pick up the van from which the jewelry was stolen; they came to Georgia regularly and at least seven or eight times on business on behalf of DAI, to attend meetings relating to their employment or to pick up items to be sold for DAI, and during those visits they stayed at hotels in Georgia; that while appellees were on the road selling jewelry for DAI, they were in daily telephone contact with DAI in Georgia.

The trial court granted appellees' motion to dismiss and DAI appeals. *Held*:

The trial court erred in holding that Georgia did not have long-arm jurisdiction over Parkman and Coulter for the purpose of this suit.

The Georgia long-arm statute provides: "A court of this state may exercise personal jurisdiction over any nonresident . . . if in person or through an agent, he: (1) Transacts any business within this state; [or] . . . (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." OCGA § 9-10-91.

Three rules determine the power of this state to exercise juris-

diction over a nonresident: (1) The nonresident must purposefully avail himself of the privilege of doing some act or consummating some transaction with or in the forum; (2) the plaintiff must have a legal cause of action against the nonresident which arises out of or results from the activity or activities of the defendant within the forum; and (3) a "minimum contact" between the nonresident and the forum must exist, and the assumption of jurisdiction must be consonant with due process notions of fair play and substantial justice, that is, it must be reasonable. *Smith v. Smith*, 254 Ga. 450, 453 (330 SE2d 706). The evidence shows without question that the elements of these three rules are present in this case. Parkman and Coulter clearly transacted business in this state. They regularly did business and engaged in a persistent course of conduct in this state, and they derived substantial revenue from goods which they came to Georgia to obtain with the specific purpose of removing those goods from this state in furtherance of their business; DAI's cause of action arises from these activities; and the assumption of jurisdiction of appellees on account of the loss of goods they took from this state in the circumstances described is consonant with due process and is reasonable.

Appellees sought employment in Georgia with a Georgia corporation whose only office is in Georgia; they came into Georgia specifically for the purpose of entering employment contracts in Georgia which gave them substantial benefits including unemployment compensation paid for by DAI's payment of an assessment to the State of Georgia, and which, among other things, required them to take particular actions with regard to safety of DAI's jewelry in their care and custody. Execution of a contract in Georgia may give jurisdiction to Georgia for breach of that contract even if the breach occurred outside the state. *Davis Metals v. Allen*, 230 Ga. 623, 625 (198 SE2d 285). Compare *Mayacamas Corp. v. Gulfstream Aerospace Corp.*, 190 Ga. App. 892, 893 (1) (380 SE2d 303) and *Beverage Mgmt. &c. v. Yankee Spirits*, 218 Ga. App. 95, 97 (460 SE2d 564), which involved distinctly different facts. The facts that Parkman and Coulter resided in other states and the jewelry they obtained from DAI was intended to be sold in other states obviously do not control the inquiry as to whether they had sufficient contacts with this state. Their acquisition of DAI's jewelry as well as DAI's vehicle occurred entirely in Georgia. They physically came into the state on a regular basis and obtained goods in Georgia from a Georgia corporation so as to enable themselves to sell those goods in other states and to derive "substantial revenue" therefrom. OCGA § 9-10-91. Thus they purposefully availed themselves of the privilege of doing business in this state (*Dora-Clayton Agency v. Forjay Broadcasting Corp.*, 193 Ga. App. 340, 341 (387 SE2d 617)) including executing an employment contract in this state, for the purpose of getting DAI's van and DAI's

jewelry. As to those pertinent circumstances in this case, which establish the requisite minimum contacts, it is fairly immaterial where Coulter and Parkman resided, where they intended to sell DAI's goods, or where the jewelry was stolen.

Having established that appellees committed and performed acts in this state which would subject them to jurisdiction in Georgia, we find that exercise of jurisdiction does not offend traditional notions of fairness and substantial justice. *McDonnell v. Roy E. Beatty &c.*, 203 Ga. App. 807, 808-809 (418 SE2d 95); *Dora-Clayton Agency*, supra. There is, as we have found, a sufficient connection between Parkman and Coulter and this state to make it fair to require them to defend the action in this state. They came to Georgia to obtain employment, and upon the contract of employment (including its requirements of safekeeping) they obtained goods in Georgia from a Georgia corporation, which they then took outside the state to sell. DAI's injury by the theft of the jewelry directly arose from the contracts of employment which Parkman and Coulter entered into in Georgia, and their conduct and connection with Georgia are such that they should reasonably anticipate being haled into court in Georgia if those goods were stolen by their negligence or breach of contract. *Showa Denko K.K. v. Pangle*, 202 Ga. App. 245, 248 (414 SE2d 658). Moreover, it would be manifestly unfair and would constitute an impediment to the fair conduct of national and international business by any Georgia corporation involved in the sale of goods and services to say that, having parted with its property in Georgia to persons who came here to get it pursuant to a contract entered in Georgia, the Georgia corporation which owns the property must then follow those persons over their travels to wherever they might commit an act resulting in the loss of the property which those persons took from DAI into another state. The fact that DAI would have benefited from the arrangement if the property had not been stolen is beside the point of inquiry. Nor is it unfair to require Parkman and Coulter to respond to suit in Georgia, since they physically came to Georgia to obtain goods from a Georgia corporation which they then lost, and, as well, they obtained from Georgia law the benefits and privileges of conducting their business.

The constitutional touchstone is whether the defendant purposefully established minimum contacts in the forum state, and their conduct and connection with the forum state are such that they should reasonably anticipate being haled into court here. *Burger King Corp. v. Rudzewicz*, 471 U. S. 462 (105 SC 2174, 85 LE2d 528); *Eastlawn Corp. v. Bankers Equip. &c.*, 211 Ga. App. 551, 553 (439 SE2d 753); *Drennen v. First Home Savings Bank*, 204 Ga. App. 714, 715 (420 SE2d 376). Parkman and Coulter had such contacts with the forum state that maintenance of the suit against them here " 'does not

offend traditional notions of fair play and substantial justice.'" *Intl. Shoe Co. v. Washington*, 326 U. S. 310, 316 (66 SC 154, 90 LE 95), quoted in *Riggio v. Lawson*, 204 Ga. App. 774, 775 (420 SE2d 613). Accordingly, the trial court erred in granting appellees' motion to dismiss for lack of personal jurisdiction.

*Judgments reversed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 18, 1997.

Before Judge Kreeger.

*Holland & Knight, Frank O. Brown, Jr., Mary J. Schrade*, for appellant.

*Patrick D. Deering*, for appellees.