### 50099. HOWLAND v. WEEKS et al.
### 50100. CARSON v. WEEKS et al.

PANNELL, Presiding Judge.

These complaints against Weeks and others seeking alleged damages arising out of an automobile collision were both filed on November 28, 1972. The questions to be decided are common to both cases, and while there is some difference in the time of filing in some instances, these differences are not material and a statement of Case No. 50099 and a decision thereon will control Case

No. 50100.

The complaint alleged the defendant, Weeks, was a resident of Fulton County, Georgia, temporarily residing in New York where he could be served. Service on Weeks was attempted by publication and the mailing of a copy of the summons to the New York address. Defendant served his answer on plaintiff's counsel on December 22, 1972, and filed the same on December 29, 1972, denying the paragraphs of the complaint alleging he was a resident of Fulton County, Georgia, and temporarily residing in New York. By amendment to his answer served April 2, 1974 and filed April 14, 1974, Weeks alleged he was, at the time of the collision, a resident of Fulton County, Georgia but that prior to the filing of the complaint and at the time of filing, he was a resident of New York. He also, for the first time attacked the sufficiency of service.

On May 31, 1974, Weeks filed what he termed "Motion to quash service of process or in the alternative motion to dismiss." In addition to attacking the venue and service of process, this motion also contained a ground "[t]he complaint fails to state a claim against this defendant upon which relief can be granted." An affidavit as to the residence of the defendant, Weeks, and the lack of service was attached. On June 23, 1974, complainant filed a motion to dismiss Weeks' "motion to quash service," etc., and on June 28, 1974 filed a motion to strike the "Amended Answer" of defendant Weeks.

No pre-trial order had been entered pursuant to Section 16 of the CPA (Ga. L. 1966, pp. 609, 628, as amended; Code Ann. § 81A-116).

A hearing was had on September 4, 1974, and the following order was entered on September 10, 1974:

"The various motions in this case having come on regularly to be heard on September 4, 1974, and counsel for the parties having been present and presented argument, after consideration of the Court, *it is hereby ordered, adjudged and decreed* as follows:

"(1) The plaintiff's 'Motion to Dismiss the Motion to Quash Service of Process or in the Alternative Motion to Dismiss of Defendant, Samuel M. Weeks' is hereby overruled.

"(2) The plaintiff's 'Motion to Strike Amended Answer of Defendant, Samuel M. Weeks' is hereby overruled.

"(3) The plaintiff insisted upon the right to a trial by jury in the event either of the foregoing motions of the plaintiff were sustained and so moved. This motion is overruled.

"(4) The motion of defendant, Samuel M. Weeks to Quash Service of Process or in the Alternative Motion to Dismiss is hereby sustained, and defendant, Samuel M. Weeks is dismissed without prejudice as a party defendant."

Upon appeal to this court, rulings 1, 2 and 4 are enumerated as error. *Held:*

1. The CPA makes provision for pleadings and motions (see Section 7, Ga. L. 1966, pp. 609, 618, as amended; Code Ann. § 81A-107). There is no provision for a motion opposing a motion. A motion to dismiss a motion is unauthorized, though not expressly prohibited, the same purpose being accomplished by opposing the motion. Berens v. Berens (DC 1939) 30 FSupp. 869, 2 FR Serv 7b.6, Case 1; In re Amsterdam Brewing Co. (ND NY 1940) 35 FSupp. 618, 4 FR Serv 7b.6, Case 1; Medusa Portland Cement Co. v. Pearl Assurance Co., Ltd. (ND Ohio 1945) 9 FR Serv 8a.25, Case 1; Klages v. Cohen (ED NY 1945) 9 FR Serv 8a.25, Case 4; Welcher v. United States (ED Ark 1953) 18 FR Serv 12b.34, Case 2, 14 FRD 235; Territory of Alaska v. American Can Co. (D Alaska 1955) 21 FR Serv 12B.31, Case 2.

The CPA, following generally the Federal Rules of Civil Procedure, was supposedly designed to simplify the requirements of pleading and practice, not to compound or confound them by allowing motions as to motions. For this reason we hold the trial judge did not err in overruling the motion to dismiss defendant Weeks' "motion to quash," etc. Further, the defendant's motion was good in part as shown in Division 3 of this opinion.

2. The defendant, Weeks, by failing to assert his defense of insufficiency of process, either by motion before or at the time of pleading, or in his answer, waived this defense. Subsections (b) and (h) of Section 12 of the CPA (Ga. L. 1966, pp. 609, 622, as amended; Code Ann.

§ 81A-112); *Christopher v. McGehee,* 124 Ga. App. 310 (2) (183 SE2d 624). The amendment to his answer elaborated on his defense of lack of venue or jurisdiction over the person as timely raised in his original answer, although, as amended, it belatedly attacked the sufficiency of service of process. Accordingly, the trial judge was correct in overruling the motion to strike the "amended answer" in toto. A motion to strike under subsection (f) of Section 12 of the CPA would have been the proper method of reaching a particular insufficient defense in either the answer as amended, or the amendment itself. See *Thigpen v. Koch,* 126 Ga. App. 182 (190 SE2d 117).

3. Defendant Weeks' "motion to quash service," etc., which had raised the question of lack of venue and jurisdiction of the person was filed too late, for such a defense, *if asserted by motion,* must be by motion filed at the time of filing responsive pleading (Section 12 (b) of the CPA; Code Ann. § 81A-112 (b)). While the defense has not been waived here, it having been asserted in the responsive pleading, the question presents itself whether the trial judge was correct in upholding this defense by sustaining a late filed motion. If he had overruled the motion we would probably affirm him because of the late filing, however, inasmuch as he sustained the motion we do not think it improper to consider the motion to be an application to pass upon the defense as asserted in the answer, prior to trial under Section 12 (d) of the CPA (Ga. L. 1966, pp. 609, 622, as amended; Code Ann. § 81A-112 (d)) which provides: "The defenses specifically enumerated (1) through (7) in subdivision (b) of this section, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this section shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial." An application for order thereon may be made by motion under Section 7 (b) of the CPA (Ga. L. 1966, pp. 609, 618, as amended; Code Ann. § 81A-107 (b)). See also, Majerus v. Walk, 275 FSupp. 952, 954. So considering the motion, and the only evidence presented at the hearing authorizing, even if not demanding, a finding that at the time of bringing the action defendant

Weeks was not a resident of Fulton County, Georgia, at the time the complaint was filed, although he was such a resident at the time of the collision occurring in this state, there was no error in sustaining the defense of improper venue asserted by defendant Weeks. However, inasmuch as this motion contained attacks on the plaintiff's petition, and an attack on the service, both of which were not sustainable, we affirm with direction that his order be amended to show a dismissal of plaintiff's complaint solely on the ground of lack of venue.

*Judgment affirmed with direction in both cases. Quillian and Clark, JJ., concur.*

SUBMITTED JANUARY 10, 1975 — DECIDED FEBRUARY 4, 1975.

*Charles E. Moore*, for appellants.

*Nall, Miller & Cadenhead, Lowell S. Fine*, for appellees.