## 51069. HAYES v. SUPERIOR LEASING CORPORATION.

SUBMITTED SEPTEMBER 9, 1975 — DECIDED OCTOBER 9, 1975.

*Neely, Freeman & Hawkins, Richard P. Schultz,* for appellant.

*Bill Green, Luther, Anderson, Ruth & Cleary, Samuel R. Anderson, Brown, Harriss & Hartman, Rogers, Magruder & Hoyt,* for appellee.

DEEN, Presiding Judge.

Under Code Ann. § 81A-112 (b) every defense to a claim for relief in any pleading shall be asserted in the responsive pleading thereto if one is required, except that certain specified defenses may be raised by motion. Included among these motion defenses are the three urged by appellant. Code Ann. § 81A-112 (b) (2), (3) and (5). The only limitation on raising these defenses by motion is that they must be made *before or at the time of pleading* if a further pleading is permitted; there the applicable time limit is within the 30 days given to serve the answer. Code Ann. § 81A-112 (a). Of course the pleader may choose at his option to forgo the opportunity to raise his defenses

by motion and to include them in his responsive pleading; here the responsive pleading was the answer, which was due within 30 days from the time of service of the complaint and summons. Code Ann. § 81A-112 (a). Whether the defendant wishes to raise his defense by motion or by answer, he is given 30 days within which to do so. If he fails to do either, he may waive his defense under the applicable rules of Code Ann. § 81A-112 (g) and (h). Appellant did not waive her defenses; she chose to include them in her answer rather than to raise them by a pre-answer motion. Later, after the pleadings were closed, the motion to dismiss was made. The question here therefore is whether the defenses enumerated in Code Ann. § 81A-112 (b) when included in the answer may be subsequently raised by a motion to dismiss.

The choice of whether to raise the § 81A-112 (b) defenses by motion or by answer is entirely at the option of the pleader. If the choice is to proceed by motion, it must be before or at the time of the responsive pleading. The applicable time limit here is the 30-day period before the answer was due. After that 30 days the pleadings were closed and any motion to dismiss thereafter would not have been made "before or at the time of pleading." In the case sub judice appellant had 30 days in which to make her motion to dismiss; she allowed that time to elapse without making her motion, choosing to raise her defenses in her answer, as she was permitted to do. However the time having passed within which a motion might have been made, appellant cannot now bring such a motion under Code Ann. § 81A-112 (b). The proper procedure to be followed when the defense is made by answer is application for a preliminary hearing and determination under Code Ann. § 81A-112 (d). *Howland v. Weeks,* 133 Ga. App. 843 (3) (212 SE2d 487).

Nothing in *Southern Concrete Co. v. Carter Const. Co.,* 121 Ga. App. 573 (174 SE2d 447), relied upon by appellant, is contrary to what we hold here. That case deals with waiver and notes that Code Ann. § 81A-112 (h) makes the defenses of failure to state a claim, failure to join an indispensable party and failure to state a legal defense to a claim unwaiverable, whether or not they were raised by motion or by answer. All we hold here is that

when the choice is made to make the enumerated defenses of Code Ann. § 81A-112 (b) by answer, a motion to dismiss on the same grounds cannot thereafter be brought but that the proper procedure is application for a preliminary hearing under Code Ann. § 81A-112 (d).

We are aware of the interpretation of the comparable federal rule in Majerus v. Walk, 275 FSupp. 952 (D. Minn. 1967) which reaches a different result than we do here. That case however holds that the literal wording of the statute appears to prohibit a motion to dismiss which is made subsequent to the filing of an answer which contains the same defenses. It is true that in interpreting our Civil Practice Act federal cases, while not binding precedent, will be considered as persuasive authority. *Poole v. City of Atlanta,* 117 Ga. App. 432 (2) (160 SE2d 874). We are persuaded however by the commentators that this case fails to take into account the provision for preliminary hearings, found in our Code Ann. § 81A-112 (d), and that the result we reach here is the preferred interpretation. 2A Moore's Federal Practice 2245, § 12.05.

We would be compelled to affirm the trial judge on the technically correct ground that appellant made an untimely motion to dismiss under Code Ann. § 81A-112 (b) when the proper procedure was in fact application for a preliminary hearing under Code Ann. § 81A-112 (d) were it not for the following language: "When [a Rule 12 (b)] defense is raised in the answer, a separate application for a preliminary hearing typically is necessary. In theory, a request for a preliminary hearing falls within the definition of a motion in Rule 7 (b) and should comply with the formal requirements of that rule by stating with particularity the grounds therefor and the relief or order sought... Thus *a notice of hearing similar to ... a motion to dismiss ... should suffice."* (Emphasis supplied.) Wright & Miller, Federal Practice and Procedure: Civil, § 1373, p. 713 (1969). (Emphasis supplied.) The record reveals that appellant's motion to dismiss was in writing, noted the three grounds upon which it was predicated and requested a dismissal on those grounds. The cases are too numerous to cite in full which hold that there is no magic in the nomenclature given a pleading, but it is the substance of the pleadings that determines its nature.

*Hatcher v. Georgia Farm Bureau Mut. Ins. Co.,* 112 Ga. App. 711 (146 SE2d 535); *Mickas v. Mickas,* 229 Ga. 10 (189 SE2d 81); *Nunnery v. Dept. of Transportation,* 128 Ga. App. 221 (196 SE2d 171); *Jones v. Spindel,* 128 Ga. App. 88 (196 SE2d 22); *Carmack v. Oglethorpe County,* 117 Ga. App. 664 (161 SE2d 357). "It matters not by what name any pleading is called, the court will look to the substance rather than to the name. It is elementary that a misnomer of proceedings does not prevail over the substance." *Waller v. Morris,* 78 Ga. App. 821, 822 (52 SE2d 583); *Chambliss v. Hall,* 113 Ga. App. 96, 97 (147 SE2d 334). ". . . [I]n classifying pleadings we will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name." *Holloway v. Frey,* 130 Ga. App. 224 (202 SE2d 845). It is therefore apparent that the motion to dismiss in fact served every function of an application for preliminary hearing of a Code Ann. § 81A-112 (b) defense and should not have been denied simply because it was styled a motion. An application for a preliminary hearing may be made by motion under Code Ann. § 81A-107 (b). *Howland v. Weeks,* 133 Ga. App. 843, 846, supra. We are aware that the *Howland* case, dealing with the exact opposite situation here presented, notes that if a trial judge had overruled such a motion he *probably* would be affirmed because of the late filing. This language is dictum however, and upon closer reflection we are persuaded that the result we reach here is the preferred one.

*Judgment reversed. Evans and Stolz, JJ., concur.*