## 54295. TAHAMTAN v. DIXIE ORNAMENTAL IRON COMPANY.

SMITH, Judge.

We reverse the entry of default judgment against appellant.

On August 17, 1976, appellee filed a one-count complaint alleging appellant owed it $1,160.06. On September 14, 1976, appellant, without an attorney, filed with the clerk of court a letter in which he designated the name and number of the case and claimed that he had paid appellee in full. Within this letter appellant enclosed canceled checks made out to appellee and amounting to a total of $1,650. On November 10, 1976, the case proceeded to trial without a jury, with appellant continuing to represent himself, and the court considered the merits and entered judgment for appellee. Appellant then retained counsel and moved for new trial, alleging the general grounds and, by affidavit, alleging that he was a native of Iran, that he did not understand the American judicial system, that he did not know he should have brought counsel to trial with him, and that, because of his lack of knowledge, he had been unable properly to defend himself. On February 9, 1977, the court granted appellant a new trial. On April 14, 1977, when the case came on for new trial, the court affirmed its November 10, 1976, judgment, citing as reason for its affirmance "that defendant neither filed an answer to the complaint within 30 days nor opened the resulting default within 15 days thereafter by filing an answer and paying court costs" and concluding that "the case remains in default."

We find that, after granting the appellant's motion for new trial, the court should have reached the merits of the case. The Civil Practice Act pleading requirements are to be construed liberally and in favor of the pleader, in furtherance of the "basic premise" behind the Act—to

substitute "notice pleading" for "issue pleading." *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (2) (163 SE2d 327) (1968); CPA § 8 (f) (Code Ann. 81A-108 (f)). In a similar case, this court noted that " 'pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end.' *Maty v. Grasselli Chemical Co.,* 303 U. S. 197, 200 (58 SC 507, 82 LE 745). Furthermore, 'no technical forms of pleadings or motions are required.' Code Ann. § 81A-108(e)." *Roberts v. Farmer,* 127 Ga. App. 237, 241 (193 SE2d 216) (1972). Appellant timely filed a document notifying appellee that he was raising the affirmative defense of payment. In light of the policy behind the pleading rules, we find that this document was a sufficient answer. Therefore, the court erroneously entered a default judgment against appellant, and the case must be remanded for a new trial on the merits.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED SEPTEMBER 19, 1977 — DECIDED OCTOBER 18, 1977.

*Zachary & Segraves, W. E. Zachary, Sr.,* for appellant.
*Maley & Crowe, Wayne C. Crowe,* for appellee.