### 57644. BAILEY v. LONDON MARINA, INC.

SMITH, Judge.
   Appellee London Marina, Inc. brought this action to enforce a judgment obtained against appellant Bailey in North Carolina. Appellant filed an answer asserting, inter alia, that the North Carolina judgment was not entitled to full faith and credit for lack of personal jurisdiction, and a counterclaim, alleging that appellee's North Carolina action constituted an abuse of legal process. The trial court granted appellee's motion for summary judgment on both the main claim and the counterclaim. The court also denied appellant's motion to set aside the foreign judgment. We affirm.
   1. Appellant's assertion that the North Carolina court lacked personal jurisdiction over him is without merit. Uncontroverted testimony in the record establishes that the North Carolina action arose out of a sales transaction consummated in North Carolina. Appellant telephoned appellee's place of business in Durham, North Carolina, on March 19, 1973, and ordered a 1973 Sea Ray Model 200 inboard/outboard motor boat. Shortly thereafter, appellant wrote appellee confirming the order and enclosing a down payment of $500. At appellant's request, appellee issued a bill of sale to one

Jimmy Goble d/b/a Jimmy's Marine Service. Appellant and Goble both traveled to North Carolina in order to take delivery of the boat.

N. C. Gen. Stat. § 1-75.4 provides: "A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in any action pursuant to Rule 4 (j) of the Rules of Civil Procedure under any of the following circumstances: (1) Local Presence or Status.—In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party: . . . d. Is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise." This section has been interpreted by the North Carolina Supreme Court as a legislative attempt to assert in personam jurisdiction over nonresident defendants to the full extent permitted under federal due process. Dillon v. Numismatic Funding Corp., 291 N. C. 674 (231 SE2d 629) (1977). Thus, the basic question in this case is whether the assertion of personal jurisdiction over appellant by the North Carolina court satisfied due process requirements.

Under the facts of this case, it is clear that the North Carolina court's exercise of personal jurisdiction over appellant was not violative of due process. "Jurisdiction over a nonresident exists . . . if the nonresident has purposefully done some act or consummated some transaction in [the forum] state, if the claim arises from or is connected with the act or transaction, and if the exercise of jurisdiction by the courts of [the forum] state does not offend traditional fairness and substantial justice . . ." Porter v. Mid-State Homes, Inc., 133 Ga. App. 706, 707 (213 SE2d 10) (1975). Appellant, either in his own behalf or as agent for Goble, initiated the sales transaction involved in this case by telephoning appellee's place of business in North Carolina and placing an order for the purchase of a boat. Appellant continued his course of dealing with appellee by sending both a written confirmation of the order and a $500 deposit for the purchase of the boat to appellee's place of business. Finally, appellant and Goble went to North Carolina for the purpose of taking delivery of the boat. Appellant's

presence in North Carolina was intimately connected with appellee's action to secure the purchase price of the boat. Under these circumstances, we conclude there was no constitutional impediment to North Carolina's exercise of personal jurisdiction over appellant. *Greenfield v. Portman,* 136 Ga. App. 541 (221 SE2d 704) (1975).

2. Since the North Carolina judgment comports with due process requirements and is otherwise valid and binding, the judgment is entitled to full faith and credit under Art. IV. Sec. I of the U. S. Constitution (Code § 1-401), and the merits of the case cannot be reexamined. *Flagship Buildings, Inc. v. Sentinel Star Co.,* 143 Ga. App. 624, 626 (239 SE2d 235) (1977).

3. The trial court did not err in entering summary judgment against appellant on his counterclaim for abuse of legal process. Appellant could have asserted his counterclaim in the North Carolina action. He may not assert it now. The North Carolina judgment is conclusive as to all matters which could have been determined in the North Carolina action. *Tarver v. Jordan,* 225 Ga. 749, 750 (171 SE2d 514) (1969).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

Submitted April 5, 1979 — Decided September 4, 1979.

*Larry S. Chrietzberg,* for appellant.
*George L. Simpson, III,* for appellee.