## 60536. BOSWORTH v. COONEY.

QUILLIAN, Presiding Judge.
The defendant Bosworth, doing business as the Gulf to Bay Title Company, appeals from a default judgment entered against him

by the trial court, and the denial of his motion to set aside the judgment. *Held:*

1. Plaintiff Cooney, executor of the estate of Donald S. Ford, filed this action against the defendant Bosworth, a resident of Florida. The complaint alleged that Bosworth was subject to the jurisdiction of the court under our Long Arm Statute, Code Ann. § 24-113.1 (Ga. L. 1966, p. 343; 1970, pp. 443, 444), as "he came to the city of Augusta, State of Georgia, on several occasions to conduct negotiations for the sale of property which was the subject of certain escrow instructions and that he signed said escrow instructions while in Augusta, Georgia, on such a business visit."

The return of service shows Bosworth was served in Clearwater, Florida, January 25, 1980. Bosworth, an attorney, failed to file an answer but on February 22, 1980 — within the time to answer, filed a "Motion to Dismiss for Lack of Jurisdiction Over the Person and Subject Matter" as "Attorney Pro Se, appearing specially to contest the service of process and jurisdiction of the Court." Bosworth also filed a Memorandum of Law with 5 exhibits — the first exhibit being an affidavit by himself, and the remaining 4 exhibits are correspondence between the purchaser of the land and himself, the seller and himself, the Gulf to Bay Title Co. and the purchaser, and Gulf to Bay Title Co. and the widow of Donald S. Ford.

His affidavit shows he was "part owner" of the Gulf to Bay Title Company, and a resident of Florida. He received a letter from the prospective purchaser, Mr. James S. Drahos, of Ohio, proposing to purchase Pritchard's Island, Beaufort, South Carolina, which was then thought to be owned by R. Eugene Holley of Augusta, Georgia, and Mrs. Helen T. Ford, the widow of Donald S. Ford. Before his death Donald S. Ford had told Bosworth he had transferred his title to his wife and that she and Holley each owned a one-half interest in the island. Bosworth stated that he took the contract to Mr. Holley — presumably in Augusta, and to Helen Ford—who rejected it. He asked Mr. Holley to write him a letter with acceptable conditions, which he forwarded to Mr. Drahos. He made the changes in the contract and met Mr. Holley in Valdosta where Mr. Holley signed the contract. Thereafter, he went to Augusta, Georgia to obtain Mr. Cooney's signature — who had replaced Mrs. Ford. While in Cooney's office in Augusta, he signed the escrow contract for Gulf to Bay Title Company as the escrow agent. Drahos put up a check and promissory note totaling $50,000, but later defaulted on both.

A hearing was held on April 28, 1980 on defendant's motion to dismiss and the court denied the jurisdictional motion and entered default judgment because the defendant had not filed an answer to the complaint or moved to open the default.

The Long Arm Statute authorizes courts of this state to exercise personal jurisdiction "over any nonresident . . . as to a cause of action arising from any of the acts . . . enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent he: (a) Transacts any business within this State . . ." Code Ann. § 24-113.1, supra. "[J]urisdiction over a nonresident exists on the basis of transacting business in this state if the nonresident has purposefully done some act or consummated some transaction in this state, if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice . . . [T]he trend of opinions is to construe long arm 'transacting any business' statutes most liberally and to uphold the jurisdiction of the court of the plaintiff's residence in actions arising, either directly or indirectly, out of such transactions." *Davis Metals v. Allen,* 230 Ga. 623, 625-626 (198 SE2d 285); Accord: McGee v. International Life Ins. Co., 355 U. S. 220, 222 (78 SC 199, 2 LE2d 223). "In order to satisfy the constitutional requirement of procedural due process, it must be shown that the nonresident defendant has some 'minimum contact' with the forum state so as to make that state's exercise of jurisdiction over the defendant reasonable." *Timberland Equip. Ltd. v. Jones,* 146 Ga. App. 589, 590 (246 SE2d 709); Accord: Kulko v. California Superior Court, 436 U. S. 84, 91 (98 SC 1690, 56 LE2d 132). "[T]here is no violation of due process or the underlying principles of traditional fairness and substantial justice when reasonable notice and opportunity to defend are present [as in the instant case]. *Delta Equities v. Larwin &c. Investors,* 133 Ga. App. 382, 384 (211 SE2d 9)." *North Peachtree I-285 Properties v. Hicks,* 136 Ga. App. 426, 429 (221 SE2d 607). "It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State." McGee v. International Life Ins. Co., 355 U. S. 220, 223, supra.

We find the defendant's trips from Florida to within this state to negotiate the contract of sale and escrow contract, and execution of the escrow contract in Augusta, which is the basis for this action, provide sufficient "minimum contact" within the meaning and intent of our Long Arm Statute. *Porter v. Mid-State Homes,* 133 Ga. App. 706 (1) (213 SE2d 10); *North Peachtree I-285 Properties v. Hicks,* 136 Ga. App. 426, 428, supra; *Greenfield v. Portman,* 136 Ga. App. 541, 544 (221 SE2d 704); *Brooks Shoe Mfg. v. Byrd,* 144 Ga. App. 431, 432-433 (241 SE2d 299); *Bailey v. London Marina,* 151 Ga. App. 73, 74 (258 SE2d 738). The trial court did not err in denying defendant's motion to dismiss for lack of jurisdiction over the defendant and the subject matter.

2. The defendant alleges that the trial court erred adjudging him to be in default for failure to file an answer as "the document filed by the Defendant constituted an Answer, and the action was not in default at the time the Default Judgment was granted."

The action was filed January 16, 1980 in Richmond County, Georgia. The defendant was personally served on January 25, 1980, in Clearwater, Florida. On February 22, 1980, he filed a "Motion to Dismiss" for lack of jurisdiction over him and the subject matter, and a "Motion" for an order directing the plaintiff to produce a deed from Donald S. Ford to his wife. At that time he filed a "Memorandum in Support of Defendant's Motions to Dismiss," which included an affidavit by himself as to the facts of this case, and four additional letters regarding communications between the parties. The issue before this court is whether the Motions to Dismiss and Produce a deed, the Memorandum of Law in support of the Motions, and the defendant's affidavit and other letters — constitute an "answer" within the meaning of the Georgia Civil Practice Act. We hold that they do not constitute an answer.

Our Code states that there shall be "a complaint and an answer," also a third-party complaint and answer, there may be a reply to counterclaim and an answer to a cross-claim, but "[n]o other pleading shall be allowed. . ." Code Ann. § 81A-107 (a) (CPA § 7 (a); Ga. L. 1966, pp. 609, 618; 1967, pp. 226, 230) In other words, these documents—and these documents alone constitute the pleadings. "A motion is not a pleading, although certain of the rules relative to pleadings are made applicable to motions by Rule 7 (b) (2)." 2A Moore's Fed. Practice 1541, Motions, § 7.05.

"The purpose of service of process is to give adequate notice of a claim against a defendant and to compel him to appear and answer." *Sheet Metal Workers Int. Assn. v. Carter,* 241 Ga. 220, 221 (244 SE2d 860). Under Code Ann. § 81A-108 (b) (CPA § 8; Ga. L. 1966, pp. 609, 619, as amended through 1976, pp. 1047, 1048), it is required that "[a] party shall state in short and plain terms his defenses to each claim asserted and *shall admit or deny* the averments upon which the adverse party relies." (Emphasis supplied.) "*Averments* in a pleading to which a responsive pleading is required, other than those as to the amount of damage, *are admitted when not denied* in the responsive pleading." Code Ann. § 81A-108 (d), supra. (Emphasis supplied.) The CPA requires "every defense to a claim for relief in any pleading shall be asserted in the responsive pleading . . . if one is required, except that certain specified defenses may be raised by motion." *Hayes v. Superior Leasing Corp.,* 136 Ga. App. 98 (220 SE2d 86); see Code Ann. § 81A-108 (c) for affirmative defenses required to be plead. One of those required to be in the responsive pleading or by motion is lack of

jurisdiction over the person. Code Ann. § 81A-112 (b) (2) (CPA § 12; Ga. L. 1966, pp. 609, 622, as amended through 1972, pp. 689, 692, 693). Thus, the choice is by the pleader as to whether he desires to present this defense by responsive pleading or by motion, and if by motion it must be within the time for responding. *Hayes v. Superior Leasing Corp.,* 136 Ga. App. 98, 99, supra. Thus, the defendant was within his right in presenting his motion to dismiss for lack of jurisdiction over his person within the time permitted for answering.

Our appellate courts have repeatedly held that under the spirit and intent of the Civil Practice Act, we have substituted "notice pleading" for "issue pleading" and pleading requirements are liberally construed in favor of the pleader. *Tahamtan v. Dixie Ornamental Iron Co.,* 143 Ga. App. 561 (239 SE2d 217). " 'Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end.' Maty v. Grasselli Chemical Co., 303 U. S. 197, 200 (58 SC 507, 82 LE 745)." *Roberts v. Farmer,* 127 Ga. App. 237, 241 (193 SE2d 216). Thus, as we continually remind practitioners "there is no magic in the nomenclature given a pleading, but it is the substance of the pleadings that determines its nature . . . '(I)n classifying pleadings we will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name.' " *Hayes v. Superior Leasing Corp.,* 136 Ga. App. 98 at 100, supra.

The issue is refined as to whether the motion and its attached Memorandum, affidavit, and exhibits, are the legal equivalent of an answer? In *First Nat. Bank v. McClendon,* 147 Ga. App. 722, 723 (250 SE2d 175), we held that an affirmative defense of accord and satisfaction could not be raised by affidavit in support of a motion for summary judgment which was required to be specifically plead by Code Ann. § 81A-108 (c), supra. This court did not directly address this issue in *Hopkins v. Harris,* 130 Ga. App. 489 (203 SE2d 762), in which the defendant failed to file an answer but did file a motion to dismiss for failure to state a claim, and three motions for summary judgment. The trial court overruled the defendant's motion to dismiss and granted a default judgment, without ruling on the summary judgment motions. A nunc pro tunc order was entered denying the motions for summary judgment after judgment had been rendered. This court affirmed, holding that the latter motions could not be considered as responses as they were not filed within the time required for filing an answer. Chief Judge Bell, specially concurred, noting that he would not find such "motions are responsive pleadings and [he] would dissent to any holding that they were." Id. at 491.

In *Tahamtan v. Dixie Ornamental Iron Co.,* 143 Ga. App. 561,

supra, the defendant filed a letter with the court, designating the name and number of the action, and set forth his defense of payment and enclosed cancelled checks made out to the plaintiff. We found this to be a sufficient answer because it was intended as an answer and specifically asserted the principal defense relied upon by the defendant. In another case, *Whitby v. Maloy,* 145 Ga. App. 785 (245 SE2d 5), one of the defendants failed to answer but did respond to plaintiff's interrogatories. Counsel contended that defendant's responses to the interrogatories were in substance an answer and were sufficient to raise an issue of proper venue. The trial court dismissed the action because of improper venue. This court reversed, holding that the defendant had not raised in any motion or responsive pleading a challenge to the jurisdiction of the court and the trial court erred in dismissing the action. See *Dromedary, Inc. v. Restaurant Equip. Mfg. Co.,* 153 Ga. App. 103, 104 (264 SE2d 571).

We shall apply the same test we used in *Whitby,* supra, to the allegedly responsive pleadings in the instant case. Assuming arguendo that the motion and its enclosures could be treated as pleadings, we have found no language in defendant's motion, affidavits, or exhibits, that could reasonably be construed as a general denial of the averments of the complaint — as required for an answer by Code Ann. § 81A-108 (b), nor any specific denial of the principal allegations of the separate paragraphs of the complaint — except as to jurisdiction. See *Whitby v. Maloy,* 145 Ga. App. 785, 787, supra. Any allegation as to lack of jurisdiction over the person has been decided adversely to the defendant in Division 1 above. There are no specific denials as to the allegations of plaintiff's complaint as to execution of the escrow agreement, that defendant was to receive $50,000 cash earnest money, to be retained as liquidated damages in the event of default, and that defendant accepted from the purchaser a $10,000 check and $40,000 note contrary to his agreement, and plaintiff was thereby damaged.

As there was no general denial, and no specific denial as to the principal allegations of the complaint, such allegations stand admitted. There was no answer — within the meaning of the Code, and the trial court did not err in entering default judgment. See *B-X Corp. v. Fulton Plumbing Co.,* 140 Ga. App. 131 (2) (230 SE2d 331).

3. The remaining enumerations of error either were not raised in the court below, are mooted by the above holding, or are without merit.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

Argued September 16, 1980 — Decided October 20, 1980 —

Rehearing denied November 14, 1980 —

*Stephen H. Steinberg*, for appellant.
*J. Patrick Claiborne, William J. Cooney*, for appellee.