73398. MILLS v. BING et al.
(352 SE2d 798)

BIRDSONG, Chief Judge.

Pleadings — Bailment. The relevant facts show that Mills, through his agent Cooper, surrendered a 1983 BMW to Bing for body repairs following an accident while Cooper was driving. After the repairs were completed, Mills either declined to pay for the repairs or was slow in making payment. Bing regained possession of the BMW from Cooper, intending to retain possession until Mills paid for the repairs. Ultimately, agreement was reached between Cooper and Bing

for the return of the car to Cooper. Pursuant to that agreement, an employee was to drive the BMW to Cooper's place of business late in the evening and leave the car parked out front of the office with the keys placed on the top of the front wheel. Cooper testified that he waited long beyond the delivery time and never saw the vehicle. Bing testified that his employee told him (Bing) the BMW had been delivered about 11:00 p.m. as agreed. The trial court concluded at a bench trial that Cooper was Mills' agent and had made appropriate arrangements as agent to receive the bailed property from Bing. The court likewise concluded that Bing had fully discharged his responsibility and there was no liability in Bing as bailee. Mills now brings this appeal enumerating two errors. *Held*:

1. In his first enumeration of error, Mills complains the trial court erred in construing a letter written by Bing in apparent response to Mills' complaint to be an answer and thus enable Bing to dodge the bullet of a default judgment.

Mills' complaint was served upon Bing on December 17, 1985. On January 13, 1986, a letter written by Bing's wife (one of the co-defendants) was filed with the State Court of Fulton County. That letter was addressed to Mills' attorney, Mills himself, all named defendants, the insurance company and Mills' agent, Cooper. It was denominated as being an answer to the complaint filed by Mills' attorney and filed with the State Court of Fulton County (Civil Division). In that letter in addition to a lengthy explanation of what had transpired in relation to the BMW, every allegation in the complaint was addressed and the equivalent of a cross-complaint was filed. The cross-complaint was sufficiently clear in statement that the trial court in its final judgment was required to find as to the cross-complaint in favor of Mills apparently because Bing presented no evidence in support of the cross-claim.

Bing also testified that although his wife had prepared the letter, it had been prepared in his presence and he had concurred fully in its contents before it had been mailed. Bing considered the letter to be his response as well as that of his wife. Thus there is no merit to the contention by Mills that Mrs. Bing acted in a representative capacity and thereby illegally engaged in the practice of law.

Likewise, we find no merit in the contention that the letter prepared by the Bings did not constitute an answer in the form of a pleading even though legal formalities were not followed. Our appellate courts have held repeatedly that under the spirit and intent of the Civil Practice Act, we have substituted "notice pleading" for "issue pleading," and pleading requirements are liberally construed in favor of the pleader. *Tahamtan v. Dixie Ornamental Iron Co.*, 143 Ga. App. 561 (239 SE2d 217). There is no magic in the nomenclature given a pleading, but it is the substance of the pleadings that deter-

mines its nature. *Hayes v. Superior Leasing Corp.*, 136 Ga. App. 98 (220 SE2d 86). The purpose of a pleading is to give in short and plain terms the defenses to each claim asserted and admit or deny the averments upon which the adverse party relies. The letter filed by the Bings meets these minimal requirements. *Tahamtan v. Dixie Ornamental Iron Co.*, supra. See also *Bosworth v. Cooney*, 156 Ga. App. 274, 277 (2) (274 SE2d 604).

2. In his second enumeration, Mills contends that there is no substantive evidence to support the conclusion that an employee of the Bings delivered the BMW to Mills' agent, Cooper, thus relieving the bailee, Bing, of any responsibility for the ultimate loss of the BMW through theft and destruction. Though there is an allegation by Bing that one of his employees delivered the BMW to Cooper and Cooper admits being advised by Bing over the telephone that the employee had delivered the car per instructions, it is beyond dispute that both Bing and Cooper are repeating the testimony of a person who was not before the court and thus the alleged delivery of the BMW rests wholly and solely upon unsupported hearsay. Hearsay evidence is that which does not derive its value solely from the credit of the witness, but rests mainly on the veracity and competency of other persons. The very nature of the evidence shows its weakness. Thus even in the absence of objection, hearsay is without probative value to establish any fact. *Longstreet v. Longstreet*, 205 Ga. 255 (4) (53 SE2d 480); *Collins v. State*, 146 Ga. App. 857, 860 (247 SE2d 602). There being no probative evidence to support the finding of fact that the bailee properly was relieved of the bailed property prior to its loss, the trial court erred in finding for the defendants (appellees Bing).

*Judgment reversed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 6, 1987.

*Edward W. McCrimmon*, for appellant.
*James W. Bradley*, for appellees.
Kenneth F. Bing, *pro se.*
Jeanne A. C. Bing, *pro se.*
Anthony Peck, *pro se.*