## A94A2087. BROWN v. BROWN.
### (457 SE2d 215)

BLACKBURN, Judge.

Upon our grant of her application for discretionary appeal, Alma Shirley Brown appeals the trial court's denial of her motion to set aside the judgment rendered after a bench trial in the underlying divorce action.

Brown was served with her husband's complaint for divorce on November 21, 1991. On December 27, 1991, Brown's letter "responding to the summons from [her husband], civil action no. 91-10503-6" was filed with the clerk of the DeKalb Superior Court. The index to the record on appeal refers to Brown's writing as the "answer."

Plaintiff initiated an ex parte communication with the trial judge's law clerk and they determined that the letter was insufficient as an answer. Brown was not given an opportunity to be heard in this connection, nor was she advised of the determination. Without prior notice to Brown, the trial court then granted plaintiff's petition for divorce, pursuant to his oral motion for judgment on the pleadings based upon the insufficiency of defendant's answer. The record does not reflect that the trial was ever published on a calendar, or that Brown otherwise received notice of the proceeding. This appeal followed the trial court's denial of Brown's motion to set aside the subject judgment.

Plaintiff contends that as Brown's letter was insufficient as an answer pursuant to OCGA § 9-11-8 and created no issue, *Whitby v. Maloy*, 145 Ga. App. 785 (245 SE2d 5) (1978), she was not entitled to notice of the hearing pursuant to OCGA § 9-11-5. Our Supreme Court has held that OCGA § 9-11-5 applies to divorce actions, and where a party *fails to file* defensive pleadings in a divorce action, such party waives all notices, including notices of the time and place of trial. See *Gibson v. Gibson*, 234 Ga. 528 (216 SE2d 824) (1975); *Wallace v. Wallace*, 229 Ga. 607 (1) (193 SE2d 832) (1972). The waiver contemplated by OCGA § 9-11-5, does not, however, include waiver of notice of a challenge to the sufficiency of defendant's answer where one has been timely filed.

The avenues for relief from an insufficient answer were many: Plaintiff could have filed a motion to dismiss the answer as insufficient. See *Knickerbocker Tax Systems v. Texaco*, 130 Ga. App. 383 (203 SE2d 290) (1973); OCGA § 9-11-41. Plaintiff could have filed an exception or objection to treatment of the letter as an answer. See *Snooks v. Factory Square*, 129 Ga. App. 772 (201 SE2d 168) (1973). Plaintiff could have filed a motion to strike Brown's answer as insufficient. See OCGA § 9-11-12 (f). Each of these motions would have been required to have been in writing with a copy thereof served on the opposing party, who would have had an opportunity to respond. OCGA § 9-11-7 (b) (1).

While plaintiff did make an oral motion for judgment on the pleadings, such motion was also required to be in writing, with notice thereof served on defendant. See OCGA § 9-11-7. As this was not done, defendant was denied her opportunity to respond to plaintiff's motion. Once an answer has been timely filed, it cannot be disposed of in an ex parte proceeding without notice thereof to the defendant. Whether or not Brown's filing was sufficient as an answer is not the issue before us, and nothing herein should be construed as a comment thereon.

The lack of notice to Brown of the oral motion challenging the sufficiency of Brown's answer or of the scheduling of the final hearing date is of great importance in this divorce action, as an answer, or amendment thereto could have been filed, without payment of costs, at any time prior to judgment or defendant could have appeared and defended the action even if no answer had been filed. *Newton v. Newton*, 226 Ga. 440, 441 (175 SE2d 543) (1970); *Hardwick v. Hardwick*, 245 Ga. 570 (266 SE2d 184) (1980); OCGA § 9-11-5 (a). The fact that the subject answer was not filed within 30 days of service of the complaint upon Brown in this divorce action is of no consequence as no judgment was taken prior to the time that the answer was filed. *Hill v. Hill*, 234 Ga. 836 (218 SE2d 619) (1975).

At the time of the granting of the final decree, Brown's answer

was properly before the court, inasmuch as she had received no notice to the challenge thereto and had been denied an opportunity to be heard thereon or the opportunity to amend her answer to satisfy any legal deficiency prior to the trial court's determination that it was not sufficient to constitute an answer. The failure to provide Brown with these notices renders invalid the subsequent determination of the insufficiency of the answer. Therefore, Brown was entitled to notice of the time and date of the trial held on plaintiff's complaint, OCGA § 9-11-40, and failure to receive such notice requires the grant of Brown's motion to set aside the judgment. *Beach's Constr. Co. v. Moss*, 168 Ga. App. 462 (1) (309 SE2d 382) (1983). The court erred in failing to grant Brown's motion to set aside the judgment under the facts of this case. The issues herein involved could have been avoided by the simple expedient of publishing the trial calendar in the legal organ of the subject county, which publication would have satisfied the notice requirements of OCGA § 9-11-40. *Carson v. Morris*, 164 Ga. App. 732 (297 SE2d 513) (1982). The case could then have been properly heard and resolved, whether or not defendant filed an answer or appeared.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED MARCH 31, 1995.

*H & M Johnson & Associates, Mereda D. Johnson, Edward D. Jones,* for appellant.

*Mason & Associates, Ronald G. Mason,* for appellee.