A98A0904. M & M MOBILE HOMES OF GEORGIA, INC.
v. HARALSON.
(505 SE2d 249)

Judge Harold R. Banke.

Ozie H. Haralson sued M & M Mobile Homes of Georgia, Inc. d/b/a Destiny Home Center ("M & M"), a dealer of manufactured housing and Destiny Industries, Inc., a manufacturer of the same. Some of Haralson's purported problems related to the manufacture of the home and others pertained to its set-up by the dealer, M & M.[1]

Destiny Industries, Inc. duly answered the complaint in proper fashion. However, M & M's response, although timely filed with the court, was a two-page letter on Destiny Home Center's stationery from M & M's lot manager, Hardy Ogltree, addressed to Haralson's lawyer. Ogltree's letter denoted itself as "Exhibit A Response" and specifically referred to "Ozie Haralson" and "File No. 96CV33251E," the case number of Haralson's complaint. In some detail, the letter responded in paragraphs numbered 1-13 to each of the 13 grievances listed as Exhibit A to Haralson's complaint. This document addressed each specific claim including the slab, refrigerator opening, carpet seam, countertop problem, etc.

Apparently based on the conclusion that a meager answer is synonymous with no answer, M & M was not served with any notice

---

[1] Among other things, Haralson claimed that the slab was not level, a countertop had not been replaced, the opening for his refrigerator was too small, and a seam in the living room carpet needed reworking.

of the trial or with a copy of any motion. See OCGA § 9-11-5 (a). Without a hearing to determine whether this document constituted "an answer" within the meaning of the Civil Practice Act ("CPA"), the trial court held M & M in default.

When the case proceeded to trial against the two defendants only Destiny Industries was present. In preliminary instructions, the trial court advised the jury that due to M & M's failure to respond or to file any answer to the lawsuit, M & M was "liable as a matter of law." The court instructed the jury that by virtue of the default, M & M had admitted its liability. During the trial, Destiny Industries conceded that there "may have been some problems out there," but claimed it tried to correct them and heaped the blame on M & M, the absent defendant. The jury awarded $6,150 in actual damages, $2,050 in attorney fees, and $7,000 in punitive damages against M & M. After learning about the verdict, M & M attempted unsuccessfully to move for a new trial and now appeals. *Held*:

1. M & M contends that the trial court erred in determining that the letter filed with the court by the manager of its Milledgeville lot did not constitute a legal answer. We agree. The complaint was served by leaving a copy with the manager of M & M's sales lot in Milledgeville. The manager, a nonlawyer, responded to the complaint by a letter addressed to Haralson's counsel on Destiny Home Center letterhead. This letter was duly filed as a response and served on counsel. See *Robinson v. Rearden*, 134 Ga. App. 815, 816 (216 SE2d 370) (1975) (timely filed pro se answer setting forth style and case number and disputing date of note at issue was sufficient to withstand motion for default judgment). Rather than moving to strike the pro se answer or moving for an entry of default, Haralson proceeded to trial by ignoring the response as though no answer had been filed.

"[U]nder the CPA a party is to be given notice and the opportunity to amend defective pleadings where such notice will facilitate decision on the merits. The CPA does not penalize a party irrevocably for one misstep in pleading." *McDonough Constr. Co. v. McLendon Elec. Co.*, 242 Ga. 510, 515 (250 SE2d 424) (1978). See OCGA § 9-11-8 (f). The purpose of responsive pleadings is to provide notice of the defenses raised and the averments controverted in whole or in part by the defendant. See *Tahamtan v. Dixie Ornamental Iron Co.*, 143 Ga. App. 561, 562 (239 SE2d 217) (1977). The record shows that Haralson received such notice from M & M in that the pleading spoke to each of his 13 grievances.

The avenues of relief from an insufficient answer include: a motion to strike, motion to dismiss, or for judgment on the pleadings. OCGA § 9-11-12 (b) (6), (c), (f). Or a party may except or object to the treatment of a letter as a sufficient answer. *Brown v. Brown*, 217 Ga. App. 245, 246 (457 SE2d 215) (1995). Each of these motions would

have been required to have been in writing with a copy served on M & M who would have had an opportunity to respond. *Brown*, 217 Ga. App. at 246. OCGA § 9-11-7 (b) (1). Haralson pursued none of these alternatives. M & M was given no notice that its answer was being attacked and was not afforded an opportunity to defend or amend it. *McDonough Constr. Co.*, 242 Ga. at 515 (liberal rules of notice pleading apply to defendants as well as to plaintiffs).

Where an answer has been filed, regardless of the nomenclature or its seeming inadequacy, it is, nevertheless, an answer within the meaning of the CPA, until a court determines otherwise. *Mills v. Bing*, 181 Ga. App. 475, 476 (1) (352 SE2d 798) (1987); *Tahamtan*, 143 Ga. App. at 561 (pleading requirements to be construed liberally in favor of pleader). See *Bosworth v. Cooney*, 156 Ga. App. 274, 279 (2) (274 SE2d 604) (1980) (denial of the principal allegations in complaint by separate paragraphs constitutes an answer). Once an answer has been timely filed, as here, it cannot be disposed of in an ex parte proceeding without notice to the defendant. *Brown*, 217 Ga. App. at 246. In view of the above cases, the judgment against M & M violated principles of fundamental fairness and must be reversed.

2. In light of this holding, we need not reach the remaining enumerations of error.

*Judgment reversed. Beasley and Ruffin, JJ., concur specially.*

BEASLEY, Judge, concurring specially.

1. I concur for the reason that Haralson's suit was instituted in December 1996, before the date of applicability of the holding of the Supreme Court of Georgia in *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 806 (2) (485 SE2d 22) (1997). Sales lot manager Ogltree was served for M & M on January 14, 1997, and filed the corporation's answer on February 11. *Eckles* was decided in March. The Court expressly provided that its holding have effect only prospectively, beginning "on and after the date that this opinion appears in the advance sheets." Id. Without that concession, the corporation would be left without an answer. Had *Eckles* applied, then regardless of whether the answer was sufficient in its content under OCGA § 9-11-12 as judicially interpreted, it would not be an answer cognizable at law and the trial court would have been correct in not giving it that stature. *Eckles* held that "[a] layman's legal representation in a court of record of another 'person' in the form of a separate corporate entity is . . . proscribed." M & M would only have been permitted to be represented by a licensed attorney.

This case points up a notification problem that may exist post-*Eckles*, if the summons form used when Ogltree was served for M & M Homes is still in vogue. It tells the defendant, "You are hereby summoned and required to file with the Clerk of said court and serve

upon the Plaintiff's attorney, . . . an answer to the complaint which is herewith served upon you. . . ." It does not tell a corporate defendant that only a licensed attorney can file an answer on its behalf and represent it in the litigation. The myriad of small corporations out in the marketplace would not know that not even an officer could respond, and that it could not represent itself pro se in a court of law.

2. The opinion leaves the impression that the verdict and judgment were only against M & M. The jury awarded separate damages and attorney fees against each of the two defendants and added punitive damages against M & M. Likewise, separate judgments were entered accordingly.

I am authorized to state that Judge Ruffin joins in this special concurrence.

DECIDED JULY 31, 1998.

*Joel D. Burns*, for appellant.
*Martin L. Fierman*, for appellee.